MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
Sarah Zenewicz, Bar No. 258068
One Market
Spear Street Tower
San Francisco, CA  94105-1596
Tel:    +1.415.442.1000
Fax:    +1.415.442.1001
eric.meckley@morganlewis.com
sarah.zenewicz@morganlewis.com

Attorneys for Defendant
ARAMARK SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIARA BILLUPS-LARKIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ARAMARK SERVICES, INC. and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.  3:21-cv-6852<br><br>**DEFENDANT ARAMARK SERVICES, INC.'S NOTICE OF REMOVAL**<br><br>[Alameda County Superior Court Case No. RG21103881]<br><br>[28 U.S.C. §§ 1332, 1441, and 1446] |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE THAT** Defendant Aramark Services, Inc. ("Defendant" or "Aramark Services") hereby removes the above-entitled action from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. This removal is based on the following grounds:

## I.      PROCEDURAL BACKGROUND

1.      On June 16, 2021, Plaintiff Tiara Billups-Larkin ("Plaintiff") filed a putative class action complaint in the Superior Court of the State of California, County of Alameda, entitled *Tiara Billups-Larkin, individually and on behalf of all others similarly situated v. Aramark Services, Inc. and Does 1 through 20, inclusive,* Case No. RG21103881 (the "Complaint").

2.      On August 3, 2021, Plaintiff served copies of the Summons and Complaint on the registered agent for Defendant. A copy of Plaintiff's Summons and Complaint is attached hereto as **Exhibit A**.

3.      Plaintiff seeks to represent the following putative class of persons employed by Defendant in California: "All current and former non-exempt employees who worked for Defendants in the State of California from four years plus 179 days before the filing of this complaint to the date of trial," (the "Class"). (Exh. A, Compl. ¶22). Plaintiff also seeks to represent a subclass of terminated employees: "All members of the Class who separated their employment from Defendants from hour years plus 179 days before the filing of this complaint and the date of trial," (the "Waiting Time Subclass"). (Exh. A, Compl. ¶23).

4.      Plaintiff alleges nine (9) causes of action for: (1) Failure to Pay Minimum Wages (Labor Code sections 1194, 1194.2, and 1197; Violation of IWC Wage Order section 3); (2) Failure to Pay Overtime Compensation (Labor Code sections 510. 1194 and 1198; Violation of IWC Wage Order); (3) Unlawful Deduction of Wages (Violation of Labor Code section 221); (4) Failure to Provide Meal Periods (Labor Code sections 226.7 and 512; Violation of IWC Wage Order); (5) Failure to Provide Rest Periods (Labor Code section 226.7; Violation of IWC Wage

Order); (6) Failure to Provide Accurate Itemized Wage Statements (Labor Code section 226; Violation of IWC Wage Order); (7); Failure to Reimburse Business Expenses (Violations of Labor Code sections 2800, 2802, and the Applicable IWC Wage Order section 9); (8) Failure to Timely Pay Timely [sic] All Wages Due Upon Separate of Employment; (9) Violation of Business and Professions Code sections 17200 et seq.) (Exh. A, Compl. ¶¶ 27-91).

5.    On September 1, 2021, Defendant filed an Answer in the Superior Court of California, County of Alameda.  A true and correct copy of the Answer is attached hereto as **Exhibit B**.

6.    Exhibits A through C constitute all the pleadings, process, and orders served upon or filed by Defendant in the Superior Court action.

## II.    <u>REMOVAL IS TIMELY</u>

7.    This Notice of Removal is timely filed, pursuant to 28 U.S.C. section 1446(b), in that it is filed within 30 days of service of Plaintiff's Complaint on Defendant.

8.    No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III.    <u>THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT</u>

9.    Plaintiff brings this action on behalf of the putative Class.[1]  (Exh. A ¶2).  Removal based upon Class Action Fairness Act ("CAFA") diversity jurisdiction is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because: (i) diversity of citizenship exists between at least one putative Class member and Defendant; (ii) the aggregate number of putative Class members in all proposed classes is 100 or greater; and (iii) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million, exclusive of interest and costs.  28 U.S.C. §§ 1332(d)(2) & (d)(5)(B), 1453.  Although Defendant denies Plaintiff's factual allegations and denies that Plaintiff or the Class she purports to represent is entitled to the relief requested, based on

---

[1] Defendant denies, and reserves the right to contest at the appropriate time, that this action can proceed as a class action.  Defendant further denies Plaintiff's claims and denies that she can recover any penalties.  Defendant contends that Plaintiff has pled an overly broad and inappropriate class but Defendant premises its Removal based upon the "four corners" of the Complaint as pled.

Plaintiff's allegations in the Complaint and prayer for relief, all requirements for jurisdiction under CAFA have been met in this case.

### A. Minimal Diversity of Citizenship Exists.

10.     To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists, that is, one putative class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.,* 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).  "An individual is a citizen of the state in which he is domiciled . . . ." *Boon v. Allstate Ins. Co.,* 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001)).  For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed.  *Armstrong v. Church of Scientology Int'l,* 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss,* 797 F.2d 747, 750 (9th Cir. 1986)).  Evidence of continuing residence creates a presumption of domicile.  *Washington v. Hovensa LLC,* 652 F.3d 340, 395 (3d Cir. 2011).

11.     In her Complaint, Plaintiff alleges that she "is a citizen of California"  (Exh. A, Compl. ¶ 13).

12.     "[A] corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1). 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) (explaining what constitutes a corporation's principal place of business).  Aramark is a corporation formed under Delaware law with its principal place of business in Pennsylvania.  Thus, Aramark is a citizen of Delaware and Pennsylvania.  (Request for Judicial Notice ("RJN"), Exhs. 1, 2).

13.     Plaintiff is a citizen of a state different than Defendant.  As a result, diversity jurisdiction exists under CAFA.  28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity").

1    **B.**    **The Putative Class Has More Than 100 Members.**

2        14.    Based on Plaintiff's class definition, the Class includes more than 100 members.

3    Plaintiff's Class includes all current and former non-exempt employees of Defendant since

4    December 19, 2016.  (Exh. A, Compl. ¶ 22).  The Class includes more than 3,100 individuals.

5    (Stone Decl., ¶ 4).

6    **C.**    **The Amount In Controversy Exceeds Five Million Dollars.**

7        15.    Pursuant to CAFA, the claims of the individual members in a class action are

8    aggregated to determine if the amount in controversy exceeds $5 million exclusive of interest and

9    costs. 28 U.S.C. § 1332(d)(6).

10        16.    A removing party need only show that it is more likely than not that the amount in

11   controversy exceeds $5 million.  *See Singer v. State Farm Mut. Auto Ins. Co.,* 116 F.3d 373, 376

12   (9th Cir. 1997).

13        17.    Defendant's burden to establish the amount in controversy is the preponderance of

14   the evidence standard.  *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547

15   (2014); *see also Jordan v. Nationstar Mortg., LLC,* 781 F.3d 1178, 1183 (9th Cir. 2015) (citing

16   *Dart Cherokee* for the proposition that there is no anti-removal presumption against CAFA

17   cases).  A removing party seeking to invoke CAFA jurisdiction "need include only a plausible

18   allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee,*

19   135 S. Ct. at 554.  "If a federal court is uncertain about whether 'all matters in controversy' in a

20   purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court

21   should err in favor of exercising jurisdiction over the case."  Senate Judiciary Report, S. REP.

22   109-14, at 42 (2005) (citations omitted).

23        18.    A removing defendant is "not required to comb through its records to identify and

24   calculate the exact frequency of violations."  *Oda, et al. v. Gucci America, Inc., et al.,* 2015 WL

25   93335, at *5 (C.D. Cal. Jan 7, 2015); *see Sanchez v. Russell Sigler, Inc.,* 2015 WL 12765359, at

26   *2 (C.D. Cal. April 28, 2015) ("[A] removing defendant is not obligated to research, state, and

27   prove the plaintiff's claims for damages." (citation omitted); *see also LaCross v. KnightTransp.*

28   *Inc.,* 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's argument for remand based on the

1   contention that the class may not be able to prove all amounts claimed: "Plaintiffs are conflating

2   the amount in controversy with the amount of damages ultimately recoverable."); *Ibarra v.*

3   *Manheim Invs., Inc.,* 775 F.3d 1193, 1198 n. 1 (9th Cir. 2015) (in alleging the amount in

4   controversy, defendants "are not stipulating to damages suffered, but only estimating the damages

5   in controversy").  The ultimate inquiry is what amount is put in controversy by the plaintiff's

6   complaint, not what a defendant may actually owe.  *LaCross,* 775 F.3d at 1202 (internal citation

7   omitted) (explaining that courts are directed "to first look to the complaint in determining the

8   amount in controversy.").

9       19.      Under *Dart Cherokee,* a removing defendant is not required to submit evidence in

10  support of its removal allegations.  *Roa v. TS Staffing Servs, Inc.,* 2015 WL 300413, at *2 (C.D.

11  Cal. Jan. 22, 2015).  However, as detailed below, Defendant has both plausibly alleged and

12  established by a preponderance of the evidence that the amount in controversy exceeds $5 million

13  and the Court has jurisdiction pursuant to CAFA.  As discussed below, when the claims of the

14  Class are aggregated, their claims, including attorneys' fees, put into controversy more than $5

15  million.  28 U.S.C. § 1332(d)(2).

16      20.      Although Defendant denies Plaintiff's factual allegations and denies that she or the

17  putative class that she seeks to represent are entitled to any relief, Plaintiff's allegations and

18  prayer for relief have "more likely than not" put into controversy an amount that exceeds the $5

19  million threshold when aggregating claims of the putative class member as set forth in 28 U.S.C.

20  § 1332(d)(6).[2]  Based on the allegations in the Complaint, Plaintiff has put more than $5 million

21  in controversy as set forth below, and therefore CAFA removal is appropriate.

22

23  ─────────────

    [2] This Notice of Removal discusses the nature and amount of damages placed in controversy by
24  Plaintiff's Complaint.  Defendant's reference to specific damage amounts are provided solely for
    the purposes of establishing that the amount in controversy is more likely than not in excess of the
25  jurisdictional minimum.  Defendant maintains that each of Plaintiff's claims is without merit and
    that Defendant is not liable to Plaintiff and that Plaintiff and the class suffered no damages.  No
26  statement or reference contained herein shall constitute an admission of liability or a suggestion
    that Plaintiff will or could actually recover any damages based upon the allegations contained in
27  the Complaint or otherwise.  "The amount in controversy is simply an estimate of the total
    amount in dispute, not a prospective assessment of [Defendant's] liability."  *Lewis v. Verizon*
28  *Communs., Inc.,* 627 F.3d 395, 400 (9th Cir. 2010).

1.     **Plaintiff's Minimum Wage Cause of Action Places $3,680,000 in Controversy**

21.     Plaintiff alleges that Defendant "regularly" failed to pay Plaintiff and the Class the minimum wage for all hours worked in violation of Labor Code § 1194(a).  (Exh. A, Complaint, ¶¶ 27-32).  Specifically, Plaintiff alleges, "During the relevant time period, Defendants paid Plaintiff and class members less than minimum wages when, for example, Defendants required Plaintiff and class members to submit to mandatory security screenings, temperature checks and health questionnaires when Plaintiff and class members were under Defendants' control . . . . During the relevant time period, Defendants regularly failed to pay at least minimum wage to Plaintiff and class members for all hours worked[.]" (Exh. A, Compl. ¶¶ 29-30).

22.     Labor Code section 1194(a) provides: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage . . . is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage . . . , including interest thereon, reasonable attorney's fees, and costs of suit." Labor Code section 1194.2 provides that in any action "to recover wages because of the payment of a wage less than the minimum wage . . . an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid[.]"

23.     Plaintiff also alleges that the failure to pay minimum wages constitutes unfair competition within the meaning of the UCL (Exh. A, ¶ 89) and thus the applicable statute of limitations for the minimum wage claim is four years.  Bus. & Prof. Code § 17208.

24.     Based on Defendant's records, there are more than 3,100 members of the putative Class and they have worked approximately 184,000 workweeks during the relevant period. (Stone Decl., ¶ 4).  In 2016, the California minimum wage rate was $10.00 per hour, which is the lowest applicable minimum wage rate for the purposes of this analysis, and which Defendant is using to reflect the most conservative estimate regarding Plaintiff's minimum wage claim.

25.     Defendant's conservative calculation of the amount in controversy for Plaintiff's unpaid minimum wage claim is **$3,680,000.00**, which includes $1,840,000.00 in unpaid minimum wages ($10.00 x 60 minutes per workweek x 184,000 workweeks) and $1,840,000.00 in

liquidated damages.  This conservative assumption of one hour of unpaid minimum wage for the Class per workweek is a reasonable estimate given Plaintiff's allegations that "Defendants have engaged in a systematic pattern of wage and hour violations" and that "forc[ing] class members to submit to unpaid security screenings, temperature checks, and health questionnaires", but not compensating for this time were part of Defendants' "practices and policies."  (Exh. A., ¶¶ 3, 5); *see Vasquez v. Randstad US, L.P.*, 2018 WL 327451, at \*4 (N.D. Cal. Jan. 9, 2018) (finding defendants' assumption of 2.5 hours per employee per week was reasonable for Minimum Wage claim damages calculation where plaintiff alleged that defendants' had a "policy and practice" of requiring off-the-clock work).

### 2. Plaintiff's Cause of Action for Failure to Provide Meal Periods Places More Than $3,080,160 in Controversy.

26.     Plaintiff seeks to recover meal period premiums for the Class based on her allegations that she and the Class did not receive compliant meal periods:  "During the relevant time period, Plaintiff and class members did not receive timely, compliant meal periods for each five hours worked per day.  Meal periods were often given late.  If Plaintiff and class members wanted to leave the worksite during their meal periods, they would have to submit to mandatory security screenings before exiting and upon returning [sic] the premises.  As a result, Plaintiff and class members were either prevented from leaving the worksite or had shortened breaks."  (Exh. A., Compl. ¶ 53).

27.     Plaintiff further alleges that "Defendants failed to pay Plaintiff and class members all meal period premiums due for meal period violations[.]"  Exh. A., Compl. ¶ 55).

28.     Labor Code section 512(a) states that non-exempt employees must be provided an uninterrupted meal period of not less than 30 minutes for a work period of more than five hours.  Labor Code section 226.7(b) states that if an employer fails to provide an employee a meal period in accordance with state law, the employer shall pay the employee one additional hour of pay for each workday that the meal period is not provided.

29.     Plaintiff alleges that the failure to pay provide meal periods and pay meal period premiums constitutes unfair competition within the meaning of the UCL (Exh. A, ¶ 89) and

contends that the applicable statute of limitations for the meal period claim is four years.  Bus. & Prof. Code § 17208.

30.     Based on Defendant's records, there are more than 3,100 members of the putative Class and they have worked approximately 184,000 workweeks during the relevant period and their average hourly rate of pay is $16.74 during those workweeks.  (Stone Decl., ¶ 4).

31.     Defendant's conservative calculation of the amount in controversy for Plaintiff's meal period claim is **$3,080160.00** (184,000 workweeks x $16.74 meal period premium).  The computation is based on the conservative assumption of a violation rate of only one (1) missed meal period per workweek for the Class.  One violation per workweek is generally accepted as a reasonable and conservative assumption when calculating the amount in controversy for CAFA purposes and where, as here, a plaintiff has alleged a "policy and practice" of failing to provide meal periods.  (Exh. A, Compl. ¶ 5); *see Chavez v. Pratt (Robert Mann Packaging), LLC*, 2019 WL 1501576, at *3 (N.D. Cal. Apr. 5, 2019) (finding that a 20% violation rate for meal and rest period was reasonable where the plaintiff alleged a "pattern or practice" of violations); *Danielsson v. Blood Centers of Pac.*, 2019 WL 7290476, at *6 ("Defendant's first assumption—a 20% violation rate for meal and rest breaks during the putative class period—is reasonable given the allegations of a 'pattern and practice' of such violations.").

> **3.     Plaintiff's Cause of Action for Failure to Provide Rest Periods Places More Than $3,080,160 in Controversy.**

32.     Plaintiff seeks to recover rest period premiums for the Class based on her allegations that she and the Class did not receive compliant meal periods:  "During the relevant time period, Plaintiff and class members did not receive a ten (10) minute rest period for every four (4) hours or major fraction thereof worked."  (Exh. A., Compl. ¶ 60).

33.     Plaintiff further alleges, "At all relevant times, Defendants failed to pay Plaintiff and class members all rest period premiums due for rest period violations[.]"  (Exh. A., Compl. ¶ 62).

34.     Labor Code section 226.7(b) states that if an employer fails to provide an employee a rest period in accordance with state law, the employer shall pay the employee one

additional hour of pay for each workday that the meal or rest period is not provided.

35.     Plaintiff alleges that the failure to pay provide rest periods and pay rest period premiums constitutes unfair competition within the meaning of the UCL (Exh. A, ¶ 89) and contends that the applicable statute of limitations for the rest period claim is four years.  Bus. & Prof. Code § 17208.

36.     Based on Defendant's records, the Class worked at least 184,000 workweeks, and their average hourly rate of pay is $16.74 during those workweeks.  (Stone Decl., ¶ 4).

37.     Defendant's conservative calculation of the amount in controversy for Plaintiff's rest period cause of action is **$3,080160.00** (184,000 workweeks x $16.74 rest period premium).  The computation is based on the conservative assumption of a violation rate of one (1) missed rest period per workweek for the Class.  One violation per workweek is generally accepted as a reasonable and conservative assumption when calculation the amount in controversy for CAFA purposes and where, as here, a plaintiff has alleged a "policy and practice" of failing to provide rest periods.  *See Chavez v*, 2019 WL 1501576, at *3; *Danielsson*, 2019 WL 7290476, at *6.

### 4.     Plaintiff's Waiting Time Penalty Claim Places At Least $9,500,000 in Controversy

38.     Plaintiff seeks to recover waiting time penalties for the Waiting Time Subclass.  (Exh. A, Compl. ¶ 84).  Plaintiff alleges that Defendant willfully failed to timely pay final wages to her and Waiting Time Subclass.  Specifically, Plaintiff alleges, "During the relevant time period, Defendants willfully failed to pay Plaintiff and Waiting Time Subclass members all their earned wages upon termination including, but not limited to, proper minimum wages and overtime compensation, either at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ."  (Exh. A, Compl. ¶ 81).

39.     Section 203 penalties "accrue not only on the days that the employee might have worked, but also on nonworkdays," for up to 30 days, and the accrual of these penalties "has nothing to do with the number of days an employee works during the month."  *Mamika v. Barca*, 68 Cal. App. 4th 487, 492-93 (1998).  As the "targeted wrong" addressed by Section 203 is "the delay in payment" of wages, the wrong "continues so long as payment is not made"; therefore,

"[a] proper reading of section 203 mandates a penalty equivalent to the employee's daily wages for each day he or she remained unpaid up to a total of 30 days." *Id.* at 493.

40.     Based on Defendant's records, at least 2,389 employees fall within the Waiting Time Subclass.  (Stone Decl., ¶ 5).

41.     Defendant's conservative calculation of the amount in controversy for Plaintiff's waiting time penalty claim is **$9,598,045.60** (2,389 terminated class members x $16.74 average hourly rate x 8 hours per day x 30 days).  The computation of the amount in controversy is based on the assumption that each one of the 2,389 terminated employees was owed but not paid at least some of their wages at termination (as Plaintiff has alleged) and accrued 30 days of waiting time penalties based on those unpaid wages.  This is a reasonable given Plaintiff's allegation that Defendant owes penalties because of its alleged "systematic pattern of wage and hour violations" and its "policy and practice" to require unpaid work and failure to provide meal and rest periods or premium pay.  (Exh. A, Compl. ¶¶ 3,5).  It is reasonable to calculate the amount in controversy for waiting time penalties based on a 30-day penalty calculated at each former employee's daily wage rate.  *See Quintana v. Claire's Stores, Inc.*, 2013 WL 1736671, at *6 (N.D. Cal. Apr. 22, 2013) (finding defendants' waiting time penalties calculation was "supported by Plaintiffs' allegations" and was "a reasonable estimate of the potential value of the claims" where the complaint alleged that the defendants "'regularly required'" putative class members to work off-the-clock without compensation, and the defendants estimated that each putative class member "potentially suffered at least one violation that continues to be unpaid"); *Stevenson v. Dollar Tree Stores, Inc.*, 2011 WL 4928753, at *4 (E.D. Cal. Oct. 17, 2011) (finding it reasonable for the defendant to assume, in light of the allegations in the complaint that members of the putative class "'routinely'" missed meal periods, that "all members of the proposed class . . . would have missed a meal period as described in the complaint at least once and were thus entitled to the waiting time penalty").

**5.     Plaintiff's Request for Attorneys' Fees Increases The Amount In Controversy By At Least $1,000,000.**

42.     Plaintiff seeks to recover attorneys' fees.  (Exh. A, Compl. ¶¶ 31, 43, 77, 91,

Prayer for Relief ¶ 6).  Future attorneys' fees are properly included in determining the amount in controversy, including for class actions seeking fees under Labor Code Section 226.  *See Fritsch v. Swift Transportation Co. of Arizona, LLC,* 899 F.3d 785, 793-794 (9th Cir. 2018) ("Because the law entitles [the plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy.").  The Ninth Circuit held that future fee estimates can be based on "customary rates and proper fees," and that "a percentage-based method," such as 25% of the amount in controversy, may also be relevant when estimating the amount of fees included in the amount in controversy.  *Id.* at 795 and 796, fn. 6.

43.     Using 25% of the amount in controversy for unpaid wages and unpaid meal and rest period premiums as a benchmark for attorneys' fees equates to approximately $4,859,591.60 in fees (25% of $19,438,366.40).  Measured against this benchmark, it is reasonable to assume there are at least $1,000,000 in attorneys' fees in controversy, which is further confirmed by crosschecking that amount against Plaintiff's counsel's claimed hourly rates in similar matters and the minimum hours it would take to litigate a wage and hour class action through trial.

44.     Plaintiff's counsel recently represented to another court that his hourly rate is $550 in connection with a class action settlement.  *See* RJN, Exh. 3 at ¶ 8 (declaration from Plaintiff's counsel dated February 2020 stating that his hourly rate is $550).

45.     Based on a $550 per hour rate, it would only take 1,819 billable hours to reach at least **$1,000,000.00** in attorneys' fees in this action.  Litigating a wage and hour class action through trial would clearly take 1,819 hours or more.  *Ridgeway v. Wal-Mart Stores Inc.,* 269 F. Supp. 3d 975, 1003 (N.D. Cal. 2017) (granting a total of $15,200,002.90 in attorneys' fees based on a total of 10,595.8 hours at rates ranging from $300 to $900 per hours following a 16-day class action trial); *Ibarra v. Wells Fargo Bank, N.A.,* 2018 WL 5276295, at *7 (C.D. Cal. Sept. 28, 2018) (awarded $1,967,253.76 in attorneys' fees to the plaintiffs following summary judgment in their favor where class counsel had spent 1,805.55 hours litigating at rates ranging from $325 to $775); *In re Taco Bell Wage and Hour Actions,* 222 F. Supp. 3d 813, 847 (E.D. Cal. 2016) (awarding $1,156,821.12 in fees following trial based on 4,016.74 hours billed and a blended rate

of only $288 per hour).  As such, Defendant's assumption that there are at least $1,000,000 in

attorneys' fees place in controversy by this wage and hour class action is reasonable.

### 6.    Summary of the Amount Placed In Controversy

46.    As described above, a reasonable and conservative estimate of the amount placed

in controversy by Plaintiff's causes of action for unpaid minimum wage, meal period violations,

rest period violations and waiting time penalties exceeds $5,000,000.

| Cause of Action | Amount in Controversy |
|---|---|
| Unpaid Minimum Wage | $3,680,000.00 |
| Meal Period Violations | $3,080,160.00 |
| Rest Period Violations | $3,080,160.00 |
| Waiting Time Penalties | $9,598,046.40 |
| Attorneys' Fees | $1,000,000.00 |
| **Total** | **$20,438,366.40** |

47.    Defendant has demonstrated by a preponderance of the evidence that the amount

placed in controversy by Plaintiff's causes of action exceeds the $5,000,000 jurisdictional

threshold of 28 U.S.C. § 1332(d).

48.    Plaintiff alleges that "the aggregate amount in controversy for the proposed action,

including monetary damages, penalties, and attorney's fees is less than five million dollars

($5,000,000), exclusive of costs."  Compl. ¶ 9.  Such allegation is irrelevant and must be

disregarded by the Court when examining the amount in controversy under CAFA.  *Standard

Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593 (2013) (plaintiff lacks "authority to concede the

amount-in-controversy issue for the absent class members").

## IV.    THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

49.    As set forth above, this Notice of Removal is timely filed within thirty days of

service of the Summons and Complaint upon Defendant.

50.    Defendant will promptly serve Plaintiff with this Notice of Removal and will

promptly file a copy of this Notice of Removal with the clerk of the state court in which the

1    action is pending, as required under 28 U.S.C. § 1446(d).

2        51.    Venue is proper in this district, pursuant to 28 U.S.C. § 1441(a), because it

3    embraces the county in which the removed action was pending.

4        52.    The Summons, Complaint, Civil Case Cover Sheet, Answer and orders attached as

5    Exhibits A - C constitute all the process, pleadings, and orders in this case.

6        53.    The prerequisites for removal under 28 U.S.C. §§ 1441 and 1453 have been met.

7        54.    Because this Court has original jurisdiction under the provisions of 28 U.S.C.

8    §1332(d), removal of this action is proper pursuant to 28 U.S.C. § 1441.

9        55.    As required by Local Rule 3-15 and Federal Rule of Civil Procedure 7.1,

10   Defendant has concurrently filed its Certificate of Interested Parties and Corporate Disclosure

11   Statement.

12       56.    If any question arises as to the propriety of the removal of this action, Defendant

13   requests the opportunity to present a brief and oral argument in support of its position that this

14   case is removable.

15       57.    **WHEREFORE,** Defendant Aramark Services, Inc. desiring to remove this case to

16   the United States District Court for the Northern District of California, prays that the filing of this

17   Notice of Removal shall effect the removal of the suit to this Court.

18   Dated: September 2, 2021                    MORGAN, LEWIS & BOCKIUS LLP

19

20                                              By: */s/ Sarah Zenewicz*
21                                                  Eric Meckley
                                                    Sarah Zenewicz
22                                                  Attorneys for Defendant
                                                    ARAMARK SERVICES, INC.
23

24

25   DB2/ 41450259.1

26

27

28

# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
08/03/2021
CT Log Number 540017061

TO:     Charles J Reitmeyer, Vice President & Assoc. General Counsel
        Aramark
        2400 MARKET ST FL 8
        PHILADELPHIA, PA 19103-3041

RE:     **Process Served in California**

FOR:    Aramark Services, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Tiara Billups-Larkin, individually and on behalf of all others similarly situated, Pltf. vs. Aramark Services, Inc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Notice |
| **COURT/AGENCY:** | Alameda County - Superior Court - Oakland, CA<br>Case # RG21103881 |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/03/2021 at 11:57 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Jonathan M. Lebe<br>Lebe Law, APLC<br>777 S. Alameda Street, Second Floor<br>Los Angeles, CA 90021<br>213-444-1973 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/04/2021, Expected Purge Date: 08/09/2021<br><br>Image SOP<br><br>Email Notification,  Charles J Reitmeyer  charles.reitmeyer@morganlewis.com<br><br>Email Notification,  Denise Bolc  bolc-denise@aramark.com<br><br>Email Notification,  Amy Golembo  golembo-amy@aramark.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

 CT Corporation

**Service of Process Transmittal**
08/03/2021
CT Log Number 540017061

**TO:**   Charles J Reitmeyer, Vice President & Assoc. General Counsel
Aramark
2400 MARKET ST FL 8
PHILADELPHIA, PA 19103-3041

**RE:**   **Process Served in California**

**FOR:**   Aramark Services, Inc.  (Domestic State: DE)

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                    Tue, Aug 3, 2021

**Server Name:**             Brandon Yadegar

| Entity Served | ARAMARK SERVICES, INC. |
|---|---|
| Case Number | RG21103881 |
| Jurisdiction | CA |



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Aramark Services, Inc. and Does 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Tiara Billups-Larkin, Individually and on behalf of all others similarly situated



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
ENDORSED
FILED
ALAMEDA COUNTY

JUN 06 2021

CLERK OF THE SUPERIOR COURT
By: _____  E. JEFFERSON
DEPUTY

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland CA 94612 | CASE NUMBER: *(Número del Caso):* RG21103881 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jonathan M. Lebe, Lebe Law, APLC, 777 S. Alameda St., Second Floor, Los Angeles CA 90021, (213) 358-7046

| DATE: *(Fecha)* JUN 16 2021 | **Chad Finke** Clerk, by *(Secretario)* Elaine Jefferson | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*   Aramark Services, Inc.

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1 Code of Civil Procedure §§ 412.20, 465 *www.courts.ca.gov* |
|---|---|---|

1  Jonathan M. Lebe (State Bar No. 284605)
   Jon@lebelaw.com
2  Zachary Gershman (State Bar No. 328004)
   Zachary@lebelaw.com
3  **Lebe Law, APLC**
   777 S. Alameda Street, Second Floor
4  Los Angeles, CA 90021
   Telephone: (213) 444-1973
5
   Attorneys for Plaintiff Tiara Billups-Larkin,
6  individually and on behalf of all others similarly situated

**ENDORSED**
**FILED**
**ALAMEDA COUNTY**

JUN 16 2021

CLERK OF THE SUPERIOR COURT
By:     E. JEFFERSON
                              DEPUTY

7

8

9                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                         **FOR THE COUNTY OF ALAMEDA**

11

12  Tiara Billups-Larkin, individually and on    Case No. RG 21 10 3 8 8 1
    behalf of all others similarly situated
13                                               **CLASS ACTION COMPLAINT FOR:**
                    Plaintiff,
14                                               1.  Failure to Pay Minimum Wages;
           vs.
15                                               2.  Failure to Pay Overtime Wages;
    Aramark Services, Inc. and Does 1 through
16  20, inclusive,                               3.  Unlawful Deduction of Wages

17                  Defendants.                  4.  Failure to Provide Meal Periods;

18                                               5.  Failure to Provide Rest Breaks;

19                                               6.  Failure to Provide Accurate Itemized Wage
20                                                   Statements;

21                                               7.  Failure to Reimburse All Business
22                                                   Expenses;

23                                               8.  Failure to Timely Pay All Wages Due Upon
                                                     Separation of Employment; and
24
                                                 9.  Violation of Business and Professions Code
25                                                   §§ 17200, *et seq.*

26                                               **DEMAND FOR JURY TRIAL**

27

28

CLASS ACTION COMPLAINT

Plaintiff Tiara Billups-Larkin, individually and on behalf of others similarly situated, alleges as follows:

**NATURE OF ACTION AND INTRODUCTORY STATEMENT**

1.     Plaintiff Tiara Billups-Larkin ("Plaintiff") brings this putative class action against defendants Aramark Services, Inc. and Does 1 through 20, inclusive (collectively, "Defendants"), on behalf of herself individually and a putative class of non-exempt employees employed by Defendants.

2.     Defendant Aramark Services, Inc. is a Delaware corporation doing business in the state of California that supplies employees/workers to other entities.

3.     Through this action, Plaintiff alleges that Defendants have engaged in a systematic pattern of wage and hour violations under the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, all of which contribute to Defendants' deliberate unfair competition.

4.     Plaintiff is informed and believes, and thereon alleges, that Defendants have increased their profits by violating state wage and hour laws by, among other things:

(a) Failing to pay minimum wages;

(b) Failing to pay overtime wages;

(c) Unlawfully deducting wages;

(d) Failing to provide meal periods or compensation in lieu thereof;

(e) Failing to provide rest periods or compensation in lieu thereof;

(f) Failing to provide accurate itemized wage statements;

(g) Failing to reimburse for all business expenses; and

(h) Failing to timely pay all wages due during employment.

5.     Defendants maintained and enforced against the class the following unlawful practices and policies, in violation of California state wage and hour laws:

(a) Defendants forced class members to submit to unpaid security screenings, temperature checks, and health questionnaires.

(b) Although class members were under Defendants' control while undergoing mandatory security screenings, temperature checks, and health questionnaires, Defendants did not compensate class members for this time worked.

(c) Defendants unlawfully deducted wages for "smoker premiums" from the wages of Plaintiff and other class members in violation of California law among other deductions.

(d) Defendants failed to provide meal and rest periods on time in violation of California law. Class members suffered meal and rest period violations. Defendants failed to pay an additional hour of pay at the regular rate of pay to class members.

(a) Defendants have failed to reimburse Plaintiff and class members for all business expenses, including masks, hand sanitizer and any other Personal Protective Equipment ("PPE").

6.      Plaintiff brings this lawsuit seeking monetary relief against Defendants on behalf of herself and all others similarly situated in California to recover, among other things, unpaid wages and benefits, interest, attorneys' fees, costs and expenses and penalties pursuant to Labor Code §§ 201-203, 204, 210, 221, 226, 226.7, 510, 512, 1194, 1194.2, 1197 and 1198.

## **JURISDICTION AND VENUE**

7.      This is a class action, pursuant to California Code of Civil Procedure § 382.

8.      Plaintiff's individual damages are less than $75,000.

9.      The monetary damages and penalties sought by Plaintiff exceed the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial. Based on information, investigation, and analysis, Plaintiff alleges that the amount in controversy, including claims for monetary damages, penalties, and attorney's fees is more than twenty-five thousand dollars ($25,000), and that the aggregate amount in controversy for the proposed action, including monetary damages, penalties, and attorney's fees is less than five million dollars ($5,000,000), exclusive of costs.  Plaintiff reserves the right to seek a larger amount based upon new and different information resulting from investigation and discovery.

10.     This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all causes except those given by statutes to other courts.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

11.     This Court has jurisdiction over all Defendants because, upon information and belief, they are citizens of California, have sufficient minimum contacts in California or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

12.     Venue is proper in this Court because, upon information and belief, Defendants reside, transact business or have offices in this county and the acts and omissions alleged herein took place in this county.

## THE PARTIES

13.     Plaintiff is a citizen of California.  Plaintiff was employed by Defendants during the Class Period in California.

14.     Plaintiff is informed and believes, and thereon alleges, that Defendants at all times hereinafter mentioned, were and are employers as defined in and subject to the Labor Code and IWC Wage Orders, whose employees were and are engaged throughout this county and the State of California.

15.     Plaintiff is unaware of the true names or capacities of the defendants sued herein under the fictitious names Does 1 through 20, but will seek leave of this Court to amend this Complaint and serve such fictitiously named Defendants once their names and capacities become known.

16.     Plaintiff is informed and believes, and thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendant, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendant.  Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff and the class members.

-3-

17. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, Defendants and/or Does 1 through 20, acting as the agent or alter ego for the other, with legal authority to act on the other's behalf.  The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

18. At all relevant times, Defendants, and each of them, acted within the scope of such agency or employment, or ratified each and every act or omission complained of herein.  At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

19. Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently or otherwise responsible for the acts, omissions, occurrences and transactions alleged herein.

## **CLASS ACTION ALLEGATIONS**

20. Plaintiff brings this action under Code of Civil Procedure § 382 on behalf of herself and all others similarly situated who were affected by Defendants' Labor Code, Business and Professions Code §§ 17200 and IWC Wage Order violations.

21. All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

22. Plaintiff's proposed Class consists of and is defined as follows:

Class
All current and former non-exempt employees who worked for Defendants in the State of California from four years plus 179 days before the filing of this complaint to the date of trial.[1]

23. Plaintiff also seeks to certify the following Subclass of employees:

Waiting Time Subclass
All members of the Class who separated their employment from Defendants from four years plus 179 days before the filing of this complaint to the date of trial.

24. Members of the Class described above will be collectively referred to as "class

---

[1] The statute of limitations for this matter was tolled pursuant to Cal. Rules of Court, Appendix I, Emergency Rule No. 9.

members." Plaintiff reserves the right to establish other or additional subclasses, or modify any Class or Subclass definition, as appropriate based on investigation, discovery and specific theories of liability.

25.     This action has been brought and may properly be maintained as a class action under the California Code of Civil Procedure § 382 because there are common questions of law and fact as to the Class that predominate over questions affecting only individual members including, but not limited to:

(a) Whether Defendants paid Plaintiff and class members all minimum wage compensation;

(b) Whether Defendants paid Plaintiff and class members all overtime wage compensation;

(c) Whether Defendants unlawfully deducted the wages of Plaintiff and class members;

(d) Whether Defendants deprived Plaintiff and class members of compliant meal periods or required Plaintiff and class members to work through meal periods without compensation;

(e) Whether Defendants deprived Plaintiff and class members of compliant rest periods or required Plaintiff and class members to work through rest periods without compensation;

(f) Whether Defendants failed to furnish Plaintiff and class members with accurate, itemized wage statements;

(g) Whether Defendants failed to reimburse Plaintiff and class members for business expenses;

(h) Whether Defendants failed to provide Plaintiff and class members with paid sick leave;

(i) Whether Defendants failed to timely pay Plaintiff and class members all wages due upon separation of employment; and

(j) Whether Defendants engaged in unfair business practices in violation of Business & Professions Code §§ 17200, *et seq.*

26.    There is a well-defined community of interest in this litigation and the Class is readily ascertainable:

    (a)    <u>Numerosity</u>:  The members of the Class are so numerous that joinder of all members is impractical.  Although the members of the Class are unknown to Plaintiff at this time, on information and belief, the Class is estimated to be greater than 100 individuals.   The identity of the class members are readily ascertainable by inspection of Defendants' employment and payroll records.

    (b)    <u>Typicality</u>:  The claims (or defenses, if any) of Plaintiff are typical of the claims (or defenses, if any) of the Class because Defendants' failure to comply with the provisions of California wage and hour laws entitled each class member to similar pay, benefits and other relief.  The injuries sustained by Plaintiff are also typical of the injuries sustained by the Class because they arise out of and are caused by Defendants' common course of conduct as alleged herein.

    (c)    <u>Adequacy</u>:  Plaintiff is qualified to, and will fairly and adequately represent and protect the interests of all members of the Class because it is in her best interest to prosecute the claims alleged herein to obtain full compensation and penalties due to her and the Class.  Plaintiff's attorneys, as proposed class counsel, are competent and experienced in litigating large employment class actions and are versed in the rules governing class action discovery, certification and settlement.   Plaintiff has incurred and, throughout the duration of this action, will continue to incur attorneys' fees and costs that have been and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

    (d)    <u>Superiority</u>: The nature of this action makes the use of class action adjudication superior to other methods.   A class action will achieve economies of time, effort and expense as compared with separate lawsuits,

and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for each Class. If appropriate this Court can, and is empowered to, fashion methods to efficiently manage this case as a class action.

      (e)    <u>Public Policy Considerations</u>: Employers in the State of California and other states violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as affording them privacy protections.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGES

**(Violation of Labor Code §§ 1194, 1194.2, and 1197; Violation of IWC Wage Order § 3)**

27.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

28.    Labor Code §§ 1194 and 1197 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

29.    During the relevant time period, Defendants paid Plaintiff and class members less than minimum wages when, for example, Defendants required Plaintiff and class members to submit to mandatory security screenings, temperature checks and health questionnaires when Plaintiff and class members were under Defendants' control. To the extent these hours do not qualify for the payment of overtime or doubletime, Plaintiff and class members were not being paid at least minimum wage for their work.

30.     During the relevant time period, Defendants regularly failed to pay at least minimum wage to Plaintiff and class members for all hours worked pursuant to Labor Code §§ 1194 and 1197.

31.     Defendants' failure to pay Plaintiff and class members the minimum wage as required violates Labor Code §§ 1194 and 1197.  Pursuant to these sections, Plaintiff and class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs and attorney's fees.

32.     Pursuant to Labor Code § 1194.2, Plaintiff and class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES

### (Violation of Labor Code §§ 510, 1194, and 1198; Violation of IWC Wage Order)

33. Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

34.     Labor Code § 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either one and one-half (1½)  or two (2) times the person's regular rate of pay, depending on the number of hours or days worked by the person on a daily or weekly basis.

35.     Specifically, the applicable IWC Wage Orders provide that Defendants are and were required to pay overtime compensation to Plaintiff and Class Members at the rate of one and one-half times (1½) their regular rate of pay when working and for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek and for the first eight (8) hours of work on the seventh day of work in a workweek.

36.     The applicable IWC Wage Orders further provide that Defendants are and were required to pay overtime compensation to Plaintiff and Class Members at a rate of two times their regular rate of pay when working and for all hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours on the seventh day of work in a workweek.

37.     California Labor Code § 510 codifies the right to overtime compensation at one and one-half (1½) times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week and for the first eight (8) hours worked on the seventh consecutive day of work, and overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a workweek.

38.     Labor Code § 510 and the applicable IWC Wage Orders provide that employment of more than six days in a workweek is only permissible if the employer pays proper overtime compensation as set forth herein.

39.     Plaintiff and Class Members were non-exempt employees entitled to the protections of California Labor Code §§ 510 and 1194.

40.     During the relevant time period, Defendants failed to pay Plaintiff and Class Members overtime wages for all overtime hours worked when Plaintiff and Class Members worked in excess of eight (8) hours in a day, forty (40) hours in a week and/or for a seventh consecutive day of work in a workweek, or when Plaintiff and Class Members worked in excess of twelve (12) hours in a day and/or in excess of eight (8) hours on the seventh day of work in a work week.

41.     In violation of state law, Defendants knowingly and willfully refused to perform their obligations and compensate Plaintiff and Class Members for all wages earned and all hours worked.

42.     Defendants' failure to pay Plaintiff and Class Members the unpaid balance of overtime and double time compensation, as required by California law, violates the provisions of Labor Code §§ 510 and 1198, and is therefore unlawful.

43.     Pursuant to Labor Code § 1194, Plaintiff and Class Members are entitled to recover their unpaid overtime and double time compensation as well as interest, costs, and attorneys' fees.

///

///

**THIRD CAUSE OF ACTION**

**UNLAWFUL DEDUCTION OF WAGES**

**(Violation of Labor Code § 221)**

44.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

45.     Labor Code § 221 provides, in pertinent part, "[i]t shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

46.     During the relevant time period, Defendants made unlawful deductions from Plaintiff's and class members' wages by deducting from those wages amounts including, for example, "smoker premiums" among other deductions.

47.     Defendants' violation of Labor Code § 221 caused Plaintiff and class members to suffer substantial monetary losses, and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligations under California law, all to their damage in amounts according to proof at the time of trial.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL PERIODS**

**(Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order)**

48.      Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

49.     Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by the IWC Wage Orders.

50.     Section 11 of the applicable IWC Wage Order states, "no employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

51.     Labor Code § 512(a) provides that an employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the

employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

52.     Labor Code § 512(a) also provides that an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

53.     During the relevant time period, Plaintiff and class members did not receive timely, compliant meal periods for each five hours worked per day. Meal periods were often given late.  If Plaintiff and class members wanted to leave the worksite during their meal periods, they would have to submit to mandatory security screenings before exiting and upon returning the premises.  As a result, Plaintiff and class members were either prevented from leaving the worksite during their break or had shortened breaks.

54.     Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order require an employer to pay an employee one additional hour of pay at the employee's regular rate of compensation for each work day that a meal period is not provided.

55.     At all relevant times, Defendants failed to pay Plaintiff and class members all meal period premiums due for meal period violations pursuant to Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order.

56.     As a result of Defendants' failure to pay Plaintiff and class members an additional hour of pay for each day a meal period was not provided, Plaintiff and class members suffered and continue to suffer a loss of wages and compensation.

**FIFTH CAUSE OF ACTION**

**FAILURE TO PROVIDE REST PERIODS**

**(Violation of Labor Code §§ 226.7; Violation of IWC Wage Order)**

57.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

-11-

58.     Labor Code § 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by the IWC Wage Orders.

59.     Section 12 of the applicable IWC Wage Order states "every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and the "authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

60.     During the relevant time period, Plaintiff and class members did not receive a ten (10) minute rest period for every four (4) hours or major fraction thereof worked.

61.     Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order requires an employer to pay an employee one additional hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

62.     At all relevant times, Defendants failed to pay Plaintiff and class members all rest period premiums due for rest period violations pursuant to Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order.

63.     As a result of Defendants' failure to pay Plaintiff and class members an additional hour of pay for each day a rest period was not provided, Plaintiff and class members suffered and continue to suffer a loss of wages and compensation.

## SIXTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

### (Violation of Labor Code § 226; Violation of IWC Wage Order)

64.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

65.     Labor Code § 226(a) requires Defendants to provide each employee with an accurate wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and

-12-

shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

66.    During the relevant time period, Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiff and class members.  The deficiencies include, among other things, the failure to correctly state the gross and net wages earned by Plaintiff and class members.  Further, Defendant also failed to provide wage statements to Plaintiff and class members at least semi-monthly as required by Labor Code 226

67.    As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and class members have suffered injury and damage to their statutorily protected rights. Specifically, Plaintiff and class members have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate itemized wage statements under California Labor Code § 226(a).  Plaintiff has had to file this lawsuit in order to determine the extent of the underpayment of wages, thereby causing Plaintiff to incur expenses and lost time. Plaintiff would not have had to engage in these efforts and incur these costs had Defendants provided the accurate wages earned.  This has also delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

68.    California Labor Code § 226(a) requires an employer to pay the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurred, and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods, plus attorney's fees and costs, to each employee who was injured by the employer's failure to comply with California Labor Code § 226(a).

Defendants' violations of California Labor Code § 226(a) prevented Plaintiff and

-13-

class members from knowing, understanding and disputing the wages paid to them, and resulted in an unjustified economic enrichment to Defendants.  As a result of Defendants' knowing and intentional failure to comply with California Labor Code § 226(a), Plaintiff and class members have suffered an injury, and the exact amount of damages and/or penalties is all in an amount to be shown according to proof at trial.

## SEVENTH CAUSE OF ACTION

### FAILURE TO REIMBURSE BUSINESS EXPENSES

**(Violation of Labor Code §§ 2800, 2802, and the Applicable IWC Wage Order § 9)**

69.     Plaintiff re-alleges and incorporates by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

70.     Labor Code § 2800 provides, in pertinent part, "[a]n employer shall in all cases indemnify his employee for losses caused by the employer's want of ordinary care."

71.     Labor Code § 2802 provides, in pertinent part, "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties…"

72.     Further, Labor Code § 2802 additionally provides, in pertinent part: "(c)…the term 'necessary expenditures or losses' shall include all reasonable costs, including but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

73.     The Applicable IWC Wage Order § 9 provides that: "When tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer . . ."

74.     California Labor Code section 2804 mandates that this statutory right cannot be waived.

75.     During the relevant time period, Defendants were required to indemnify and reimburse Plaintiff and members of the Plaintiff Class for all expenditures or losses caused by the employer's want of ordinary care and/or incurred in direct consequent of the discharge of their duties, but failed to indemnify and reimburse Plaintiff and members of the Plaintiff Class.

76.     As a direct and proximate result, Plaintiff and members of the Plaintiff Class have

-14-

suffered, and continue to suffer, substantial losses, related to the use and enjoyment of such monies to be reimbursed, lost interest on such monies, and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligations under California law, all to their damage in amounts according to proof at the time of trial.

77.     Accordingly, Plaintiff and members of the Plaintiff Class are entitled to recover, and hereby seek, an amount equal to incurred necessary expenditures, pre- and post-judgment interest, applicable penalties, attorneys' fees and costs, and any further equitable relief this Court may deem just and proper. *See* Cal. Lab. Code § 2802, *see also*, Cal. Civ. Proc. Code § 1021.5.

78.     Plaintiff, on behalf of herself and members of the Plaintiff Class, requests relief as described below.

## EIGHTH CAUSE OF ACTION

## FAILURE TO TIMELY PAY TIMELY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT

79.     Plaintiff re-alleges and incorporates by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

80.     California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his employment, his wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his intention to quit, in which case the employee is entitled to his wages at the time of quitting.

81.     During the relevant time period, Defendants willfully failed to pay Plaintiff and Waiting Time Subclass members all their earned wages upon termination including, but not limited to, proper minimum wages and overtime compensation, either at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ.

82.     Defendants' failure to pay Plaintiff and Waiting Time Subclass members all their earned wages at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ is in violation of Labor Code §§ 201 and 202.

83.     California Labor Code § 203 provides that if an employer willfully fails to pay wages owed immediately upon discharge or resignation in accordance with Labor Code §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

84.     Plaintiff and Waiting Time Subclass members are entitled to recover from Defendants the statutory penalty which is defined as Plaintiff's and Waiting Time Subclass members' regular daily wages for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to Labor Code § 203.

## NINTH CAUSE OF ACTION

## VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*

85.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

86.     Defendants' conduct, as alleged herein, has been and continues to be unfair, unlawful and harmful to Plaintiff and class members.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

87.     Defendants' activities, as alleged herein, violate California law and constitute unlawful business acts or practices in violation of California Business and Professions Code §§ 17200, *et seq.*

88.     A violation of Business and Professions Code §§ 17200, *et seq.* may be predicated on the violation of any state or federal law.

89.     Defendants' policies and practices have violated state law in at least the following respects:

(a)     Failing to pay all minimum and overtime wages owed to Plaintiff and class members in violation of Labor Code §§ 510, 1194, 1194.2, 1197, and 1198;

(b)     Unlawfully deducting wages owed to Plaintiff and class members in violation of Labor Code § 221;

(c)     Failing to provide timely meal period and rest periods without paying Plaintiff

-16-

and class members premium wages for every day said meal and rest periods were not provided in violation of Labor Code §§ 226.7 and 512;

(d)      Failing to provide Plaintiff and class members with accurate itemized wage statements in violation of Labor Code § 226;

(e)      Failing to timely pay Plaintiff and class members all wages due upon separation of employment in violation of Labor Code §§ 201-203, 204; and

(e)      Failing to indemnify all necessary business expenses in violation of Labor Code §§2800, 2802.

90.      Defendants intentionally avoided paying Plaintiff and class members' wages and monies, thereby creating for Defendants an artificially lower cost of doing business in order to undercut their competitors and establish and gain a greater foothold in the marketplace.

91.      Pursuant to Business and Professions Code §§ 17200, *et seq.* Plaintiff and class members are entitled to restitution of the wages unlawfully withheld and retained by Defendants during a period that commences four years prior to the filing of the Complaint; an award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

## PRAYER FOR RELIEF

Plaintiff, on her own behalf and on behalf of all others similarly situated, pray for relief and judgment against Defendants, jointly and severally, as follows:

1.      For certification of this action as a class action, including certifying the Class and Subclass alleged by Plaintiff;

2.      For appointment of Tiara Billups-Larkin as the class representative;

3.      For appointment of Lebe Law, APLC as class counsel for all purposes;

4.      For compensatory damages in an amount according to proof with interest thereon;

5.      For economic and/or special damages in an amount according to proof with interest thereon;

6.      For reasonable attorneys' fees, costs of suit and interest to the extent permitted by law, including pursuant to Code of Civil Procedure § 1021.5, Labor Code §§ 226(e) and 1194;

7.      For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and IWC Wage Orders;

8.      For restitution as provided by Business and Professions Code §§ 17200, *et seq.*;

9.      For an order requiring Defendants to restore and disgorge all funds to each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and, therefore, constituting unfair competition under Business and Professions Code §§ 17200, *et seq.*;

10.    For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, benefits and penalties, including interest thereon;

11.    For pre-judgment interest; and

12.    For such other relief as the Court deems just and proper.

Dated: June 16, 2021                          **Lebe Law, APLC**

                                              By: _____
                                                  Jonathan M. Lebe
                                              Attorney for Plaintiff Tiara Billups-Larkin,
                                              Individually and on behalf of all others similarly
                                              situated

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

Dated: June 16, 2021                          **Lebe Law, APLC**

                                              By: _____
                                                  Jonathan M. Lebe
                                              Attorney for Plaintiff Tiara Billups-Larkin,
                                              Individually and on behalf of all others similarly
                                              situated

-18-

# EXHIBIT B

240736216

1   MORGAN, LEWIS & BOCKIUS LLP
    Eric Meckley, Bar No. 168181
2   Sarah Zenewicz, Bar No. 258068
    One Market
3   Spear Street Tower
    San Francisco, CA 94105-1596
4   Tel:   +1.415.442.1000
    Fax:   +1.415.442.1001
5   eric.meckley@morganlewis.com
    sarah.zenewicz@morganlewis.com
6
    Attorneys for Defendant
7   ARAMARK SERVICES, INC.

8

F I L E D
ALAMEDA COUNTY

SEP - 1 2021

CLERK OF THE SUPERIOR COURT
By _____
                              DEPUTY

9               SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                         COUNTY OF ALAMEDA

11

12   TIARA BILLUPS-LARKIN, individually and      Case No. RG21103881
     on behalf of all others similarly situated,
13                                                **DEFENDANT ARAMARK SERVICES,**
                    Plaintiff,                    **INC.'S ANSWER TO PLAINTIFF'S**
14                                                **UNVERIFIED COMPLAINT**
            vs.
15                                                Action Filed:      June 16, 2021
     ARAMARK SERVICES, INC. and DOES 1
16   through 20, inclusive,

17                  Defendants.

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS ARAMARK CAMPUS, LLC AND ARAMARK SPORTS, LLC'S ANSWER TO COMPLAINT

Defendants Aramark Services, Inc. ("Defendant") hereby answers the allegations in the unverified Complaint ("Complaint") filed by Plaintiff Tiara Billups-Larkin ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure §§ 431.30(b) and (d), Defendant generally denies each and every allegation of the Complaint and further denies that Plaintiff or any putative class member has been damaged in the manner or amount alleged, or in any manner or amount whatsoever.

## RELIEF SOUGHT

Defendant denies that Plaintiff or any putative class member is entitled to any type of remedy, relief or damages of any kind, including any of the relief requested in Plaintiff's prayer for relief. Defendant will seek to recover its attorneys' fees and costs to the extent allowed under applicable law.

## DEFENSES

Without conceding that it bears the burden of proof or persuasion as to any one of the following defenses, Defendant asserts the following separate defenses to the allegations set forth in the Complaint.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1. As a separate and affirmative defense to Plaintiff's Complaint, and to each claim for relief therein, Plaintiff's Complaint has failed to state facts sufficient to constitute a cause of action on behalf of herself or the putative class members.

## SECOND AFFIRMATIVE DEFENSE

### (Setoff and Recoupment)

2. As separate and affirmative defenses to each cause of action in Plaintiff's Complaint, Defendant denies it acted unlawfully or improperly toward Plaintiff or any member of the putative class. However, with regard to any potential award to Plaintiff or to any member of the putative class for alleged unpaid wages, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all overpayments to Plaintiff and/or putative class members and/or all obligations of Plaintiff

1  | or putative class members owed to Defendant against any judgment that may be entered against

2  | Defendant.

3  | **THIRD AFFIRMATIVE DEFENSE**

4  | **(Estoppel)**

5  | 3. As a separate and affirmative defense to each cause of action in Plaintiff's Complaint,

6  | Defendant alleges that Plaintiff's claims, and the claims of each putative class member, or some of

7  | them, are barred in whole or in part by the doctrine of estoppel to the extent Plaintiff and other

8  | putative class members failed to report time worked or missed meal or rest breaks to Defendant.

9  | **FOURTH AFFIRMATIVE DEFENSE**

10 | **(Laches)**

11 | 4. Plaintiff's equitable claims and the claims of the putative class members are barred, in

12 | whole or in part, by the doctrine of laches.

13 | **FIFTH AFFIRMATIVE DEFENSE**

14 | **(Unclean Hands)**

15 | 5. Plaintiff's equitable claims and the claims of the putative class members are barred, in

16 | whole or in part, by the doctrine of unclean hands.

17 | **SIXTH AFFIRMATIVE DEFENSE**

18 | **(De Minimis)**

19 | 6. Plaintiff's claims and/or the claims of some or all of the putative class members are

20 | barred, in whole or in part, by the *de minimis* doctrine.

21 | **SEVENTH AFFIRMATIVE DEFENSE**

22 | **(Accord and Satisfaction)**

23 | 7. As a separate and affirmative defense to each cause of action in Plaintiff's Complaint,

24 | Defendant alleges that the claims of some of the putative class members are barred in whole or in part

25 | by the principles of accord and satisfaction.

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT ARAMARK SERVICES, INC'S ANSWER TO PLAINTIFF'S COMPLAINT

**EIGHTH AFFIRMATIVE DEFENSE**

**(Waiver / Release)**

8.      As a separate and affirmative defense to each cause of action in Plaintiff's Complaint, Defendant alleges that the claims of some of the putative class members are barred in whole or in part because such claims have been waived, discharged, abandoned, and/or released, including through prior settlement or severance.

**NINTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

9.      The Seventh Cause of Action in Plaintiff's Complaint alleging unfair competition under California Business and Professions Code section 17200, *et seq.*, is barred because Plaintiff and each putative class member has an adequate remedy at law.

**TENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

10.     As a separate and affirmative defense to each cause of action in Plaintiff's Complaint, Defendant alleges that Plaintiff's claims, and the claims of the putative class members, are barred, in whole or in part, because they have not appropriately or adequately mitigated their alleged harm, if any.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

11.     Plaintiff's causes of action and/or the causes of action of some or all of the putative class members are barred, in whole or in part, because Plaintiff lacks standing to bring the purported causes of action under the California Business and Professions Code section 17200, the California Labor Code, and other applicable state laws.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Excessive Fines)**

12.     As a separate and affirmative defense to each cause of action in Plaintiff's Complaint, Defendant denies that Plaintiff can recover penalties in this lawsuit, if and to the extent any penalties can be recovered, such penalties would be unconstitutional under the excessive fines clause of the

1  Eight Amendment of the United States Constitution and the excessive fines clause of Section 17 of

2  Article 1 of the California Constitution.

3  **THIRTEENTH AFFIRMATIVE DEFENSE**

4  **(Good Faith Reliance)**

5       13.     As a separate and affirmative defense to each cause of action in Plaintiff's Complaint

6  Plaintiff's causes of action and/or the causes of action of some or all of the putative class members are

7  barred because Defendant's alleged actions and/or omissions were in good faith reliance on an

8  administrative regulation, order, ruling and/or interpretation of the Industrial Welfare Commission,

9  the Division of Labor Standards Enforcement, and/or other governmental agency.  Defendant had

10  reasonable grounds, in fact or law, for believing the actions and/or omissions undertaken did not

11  violate any California Labor Code provision or any applicable Wage Order of the Industrial Welfare

12  Commission.

13  **FOURTEENTH AFFIRMATIVE DEFENSE**

14  **(No Knowing Failure – Labor Code § 226)**

15       14.     As a separate and affirmative defense to each cause of action in Plaintiff's Complaint

16  Defendant alleges that, even assuming *arguendo* that Plaintiffs and/or any putative class members that

17  were not provided with proper itemized statements of wages and deductions, Plaintiff and/or any

18  putative class member are not entitled to recover damages because Defendant's alleged failure to

19  comply with California Labor Code section 226(a) was not a "knowing and intentional failure" under

20  California Labor Code section 226(e).

21  **FIFTEENTH AFFIRMATIVE DEFENSE**

22  **(Payments Excludable from Regular Rate)**

23       15.     As a separate and independent affirmative defense to the Second, Fourth, Fifth, Sixth,

24  Eighth and Nine Causes of Action in Plaintiff's Complaint, Plaintiff's causes of action and/or the

25  causes of action of the putative class members are barred in whole or in part because any alleged

26  compensation not included in the regular rate was excludable from the regular rate including under

27  29 U.S.C. § 207(e).

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT ARAMARK SERVICES, INC'S ANSWER TO PLAINTIFF'S COMPLAINT

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(No Willful Conduct and *Bona Fide* Dispute)**

16.     As a separate and affirmative defense to Plaintiff's Complaint, Plaintiff and/or the putative class members are not entitled to penalties under California Labor Code section 203, because there exists a *bona fide* dispute as to whether and in what amount any wages were owed at the time of discharge, and because Defendant at all times acted on the basis of a good faith and reasonable belief that it had complied fully with its obligations to pay Plaintiff and/or the putative class members all wages due.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

17.     As a separate and affirmative defense to each cause of action in Plaintiff's Complaint, Plaintiff's claims, and some or all of those of the putative class members, are barred in whole or in part by the applicable statutes of limitations, including, but not limited to, Cal. Civ. Proc. Code § 340(a); Cal. Civ. Proc. Code § 338(a); and Cal. Lab. Code § 203(b).

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Voluntary Waiver of Meal Period)**

18.     The claims of Plaintiff and/or some or all putative class members are barred, in whole or in part, because Defendant provided Plaintiff and other putative class members the opportunity to take full, uninterrupted 30-minute, off-duty meal breaks that commenced by the end of the fifth hour of work.  On occasion, at their election and not at the direction of Defendant, Plaintiff and other putative class members did not take this opportunity and instead worked during all or a portion of their provided meal break.  On other occasions, at their election and not at the direction of Defendant, Plaintiff and other putative class members did not take the opportunity for a meal break by the end of the fifth hour, instead taking a 30-minute off-duty break later in the day.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## NINETEENTH AFFIRMATIVE DEFENSE

### (Voluntary Waiver of Rest Period)

19.     The claims of Plaintiff and/or some or all putative class members are barred, in whole or in part, because Defendant provided Plaintiff and the putative class members the opportunity to take full, timely, off duty, and uninterrupted rest breaks, but on occasion, at their election and not at the direction of Defendant, Plaintiff and/or putative class members did not take this opportunity and instead worked during all or a portion of their provided rest breaks, or otherwise waived the opportunity provided to them.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Fault of Others/Comparative Fault)

20.     Plaintiff's claims and the claims of putative class members are barred because any damages, losses or liability that Plaintiff has alleged, if they exist at all, were proximately caused or contributed to by the conduct of or attributable to others, not Defendant.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Contributory Negligence)

21.     Plaintiff's claims and the claims of the putative class members are barred because Plaintiff and the putative class members failed to exercise reasonable and ordinary care, caution, and/or prudence and the alleged injuries and damages, if any were suffered, were proximately caused and/or contributed to by Plaintiff's or the putative class members' own negligent and/or intentional conduct, and any recovery to which they might be entitled must be reduced by reason of contributory and/or comparative negligence.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Authorized Deductions)

22.     Plaintiff's claims and the claims of the putative class members relating to alleged unauthorized wage deductions are barred because such deductions were expressly authorized pursuant to applicable law, including but not limited to California Labor Code section 224.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (ERISA Preemption)

23.     Plaintiff's claims and the claims of the putative class members relating to alleged unauthorized wage deductions are preempted by whole or in part by the Employee Retirement Income Security Act of 1974 ("ERISA") section 514, 29 U.S.C. § 1144.

## RESERVATION OF RIGHTS

Defendant expressly reserves the right to assert such additional defenses that may prove applicable during the course of this litigation.

## PRAYER FOR RELIEF

Defendant prays that the Court grant the following relief:

1.     That class certification be denied;

2.     That Plaintiff takes nothing by the Complaint and judgment be entered against Plaintiff and in favor of Defendant;

3.     That Defendant be awarded their reasonable attorneys' fees incurred by this action pursuant to California Labor Code section 218.5 and all other applicable statutory provisions;

4.     That Defendant be awarded costs of suit herein; and

5.     For such other and further relief in favor of Defendant as the Court deems just and proper.

Dated: September 1, 2021                    MORGAN, LEWIS & BOCKIUS LLP


By: _____
    Eric Meckley
    Sarah Zenewicz
    Attorneys for Defendant
    ARAMARK SERVICES, INC.

DEFENDANT ARAMARK SERVICES, INC'S ANSWER TO PLAINTIFF'S COMPLAINT

**PROOF OF SERVICE**

I, Robin Onaka, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is One Market, Spear Street Tower, San Francisco, CA  94105-1596.  On September 1, 2021, I served a copy of the within document(s):

**DEFENDANT ARAMARK SERVICES, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at San Francisco, California addressed as set forth below.

☐    by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to an agent for delivery.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐    by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Jonathan M. Lebe              *Attorneys for Plaintiff Tiara Billups-Larkin*
Lebe Law, APLC
777 S. Alameda Street, Second Floor
Los Angeles, CA  90021
Phone: (213) 444-1973
Email:  jon@lebelaw.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on September 1, 2021, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Robin Onaka

DB2/ 41475118.1

# EXHIBIT C

*14718084*

**FAX FILE**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

Jonathan M. Lebe (SBN 284605)
Lebe Law, APLC
777 S. Alameda St., Los Angeles, CA 90021

TELEPHONE NO.: (213) 358-7046   FAX NO. (Optional):
ATTORNEY FOR (Name): Tiara Billups-Larkin

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
Tiara Billups-Larkin v. Aramark Services, Inc.

**FILED**
**ALAMEDA COUNTY**

JUN 16 2021

CLERK OF THE SUPERIOR COURT
By: _____
DEPUTY

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | RG21103881 |
| | | | | JUDGE: DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [x] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): 1
5. This case [x] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 16, 2021

Jonathan M. Lebe
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

F. ADDENDUM TO CIVIL CASE COVER SHEET   *Unified Rules of the Superior Court of California, County of Alameda*

| Short Title: Larkin v. Aramark Services, Inc. | Case Number: |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

### THIS FORM IS REQUIRED IN ALL NEW <u>UNLIMITED</u> CIVIL CASE FILINGS IN THE
### SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

[X] Oakland, Rene C. Davidson Alameda County Courthouse  (446)

[  ] Hayward Hall of Justice  (447)

[  ] Pleasanton, Gale-Schenone Hall of Justice  (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | | Alameda County Case Type (check only one) |
|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] 34 | Auto tort (G) |
| | | | **Is this an uninsured motorist case?  [ ] yes  [ ] no** |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] 75 | Asbestos (D) |
| | Product liability (24) | [ ] 89 | Product liability (<u>not</u> asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] 80 | Civil rights (G) |
| | Defamation (13) | [ ] 84 | Defamation (G) |
| | Fraud (16) | [ ] 24 | Fraud (G) |
| | Intellectual property (19) | [ ] 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] 38 | Wrongful termination (G) |
| | Other employment (15) | [X] 85 | Other employment (G) |
| | | [ ] 53 | Labor comm award confirmation |
| | | [ ] 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] 81 | Collections (G) |
| | Insurance coverage (18) | [ ] 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] 94 | Unlawful Detainer - commercial   **Is the deft. in possession** |
| | Residential (32) | [ ] 47 | Unlawful Detainer - residential   **of the property?** |
| | Drugs (38) | [ ] 21 | Unlawful Detainer - drugs   **[ ] Yes   [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] 49 | Writ of mandate |
| | | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq)  [ ] Yes   [ ] No** |
| | Other judicial review (39) | [ ] 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] 19 | Enforcement of judgment |
| | | [ ] 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] 06 | Change of name |
| | | [ ] 69 | Other petition |

FAX FILE

202-19 (5/1/00)

A-13

LEBE LAW, APLC
Attn:  Lebe, Jonathan M
777 S. Alameda Street
Second Floor
Los Angeles, CA   90021

Aramark Services, Inc.

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Billups-Larkin <br>          Plaintiff/Petitioner(s) <br> VS. <br><br> Aramark Services, Inc. <br>          Defendant/Respondent(s) <br> (Abbreviated Title) | No. <u>RG21103881</u> <br><br><br> NOTICE OF HEARING |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

         Complex Determination Hearing
         Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE:  08/31/2021    TIME:  03:00 PM    DEPARTMENT:  23
LOCATION:  Administration Building, Fourth Floor
               1221 Oak Street, Oakland

Case Management Conference:
DATE:  09/28/2021    TIME:  03:00 PM    DEPARTMENT:  23
LOCATION:  Administration Building, Fourth Floor
               1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 23 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6939.  Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 23.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.  Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to **Direct Calendar Departments** at

**http://apps.alameda.courts.ca.gov/domainweb**.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 23.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 23 by e-mail at Dept23@alameda.courts.ca.gov or by phone at (510) 267-6939.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  07/30/2021                    Chad Finke  Executive Officer / Clerk of the Superior Court

                                      By _____

                                                        Deputy Clerk

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 08/02/2021.

                                      By _____

                                                        Deputy Clerk

⌐ LEBE LAW, APLC ¬            ⌐ Aramark Services, Inc. ¬
  Attn: Lebe, Jonathan M
  777 S. Alameda Street
  Second Floor
∟ Los Angeles, CA   90021 ⌐    ∟

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

---

| | |
|---|---|
| Billups-Larkin | No. <u>RG21103881</u> |
| Plaintiff/Petitioner(s) | |
| VS. | |
| Aramark Services, Inc. | NOTICE OF HEARING |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 08/31/2021   TIME: 03:00 PM   DEPARTMENT: 23
LOCATION: Administration Building, Fourth Floor
          1221 Oak Street, Oakland

Case Management Conference:
DATE: 09/28/2021   TIME: 03:00 PM   DEPARTMENT: 23
LOCATION: Administration Building, Fourth Floor
          1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 23 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6939. Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 23.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions. Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to **Direct Calendar Departments** at

**http://apps.alameda.courts.ca.gov/domainweb**.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 23.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 23 by e-mail at Dept23@alameda.courts.ca.gov or by phone at (510) 267-6939.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  07/30/2021                    Chad Finke  Executive Officer / Clerk of the Superior Court

By _____

Deputy Clerk

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 08/02/2021.

By _____

Deputy Clerk

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Jonathan M. Lebe, Esq. \| SBN: 284605<br>Lebe Law<br>777 S. Alameda St.  Los Angeles, CA 90021<br><br>TELEPHONE NO.: (310) 921-7056 \| FAX NO.<br>E-MAIL ADDRESS<br>ATTORNEY FOR *(Name)*: Plaintiff: Tiara Billups-Larkin, individually and on behalf of all others similarly situated | FILED BY FAX<br>ALAMEDA COUNTY<br><br>August 06, 2021<br><br>CLERK OF<br>THE SUPERIOR COURT<br>By Curtiyah Ganter, Deputy<br><br>CASE NUMBER:<br>**RG21103881** |

| Alameda County Superior Court | |
|---|---|
| STREET ADDRESS: 1225 Fallon Street | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: Oakland, CA 94612 | |
| BRANCH NAME: Rene C. Davidson Courthouse | |

| PLAINTIFF: **Tiara Billups-Larkin, individually and on behalf of all others similarly situated**<br>DEFENDANT: **Aramark Services, Inc.; et al.** | CASE NUMBER:<br>**RG21103881** |
|---|---|

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>**Ararmack** |
|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents)*: **Notice of Hearing; Clerk's Certificate of Mailing.**
3. a. Party served *(specify name of party as shown on documents served)*:
   **Aramark Services, Inc.**
   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **CT Corporation System c/o Diana R. - Registered Agent for Service of Process**
   　　　　**Age: 24 Weight: 125 Hair: Brown Sex: Female Height: 5'6 Eyes: Brown Race: Hispanic**
4. Address where the party was served: **CT Corporation System**
   　　　　　　　　　　　　　　　　　　**330 N Brand Blvd**
   　　　　　　　　　　　　　　　　　　**Glendale, CA 91203**
5. I served the party *(check proper box)*
   a. ☑ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: **8/3/2021**　　(2) at *(time)*: **11:42 AM**
   b. ☐ **by substituted service.** On *(date)*:　　at *(time)*:　　I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:
   　　(1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.
   　　(2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.
   　　(3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him or her of the general nature of the papers.
   　　(4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date)*:　　from *(city)*:　　　**or** ☐ a declaration of mailing is attached.
   　　(5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>**POS010-1/222413** |
|---|---|---|

| PETITIONER: Tiara Billups-Larkin, Individually and on behalf of all others similarly situated | CASE NUMBER: |
|---|---|
| RESPONDENT: Aramark Services, Inc.; et al. | RG21103881 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                 *(2) from (city):*

    (3)☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4)☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

    a. ☐ as an individual defendant.
    b. ☐ as the person sued under the fictitious name of *(specify):*
    c. ☐ as occupant.
    d. ☑ On behalf of *(specify):* **Aramark Services, Inc.**
        under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
    a. Name: **Steven Phillips - ON-CALL LEGAL**
    b. Address: **2476 Overland Avenue, Third Floor  Los Angeles, CA 90064**
    c. Telephone number: **(310) 858-9800**
    d. The fee for service was: **$ 135.48**
    e. I am:
        (1) ☐ not a registered California process server.
        (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
        (3) ☑ registered California process server:
            (i) ☐ owner    ☑ employee    ☐ independent contractor.
            (ii) Registration No.: **2018048510**
            (iii) County: **Los Angeles**

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    or
9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

    Date: **8/4/2021**

    **ON-CALL LEGAL**
    **2476 Overland Avenue, Third Floor**
    **Los Angeles, CA 90064**
    **(310) 858-9800**
    **www.OnCallLegal.com**

                **Steven Phillips**                ▶
        (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

LEBE LAW, APLC                          Aramark Services, Inc.
Attn:  Lebe, Jonathan M
777 S. Alameda Street
Second Floor
Los Angeles, CA   90021

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

---

| | |
|---|---|
| Billups-Larkin<br><br>Plaintiff/Petitioner(s)<br><br>VS.<br><br><br>Aramark Services, Inc.<br>Defendant/Respondent(s)<br>(Abbreviated Title) | No. <u>RG21103881</u><br><br>Order<br><br>Complaint - Other Employment |

The Complaint - Other Employment was set for hearing on 08/31/2021 at 03:00 PM in Department 23 before the Honorable Brad Seligman.  The Tentative Ruling was published and has not been contested.

IT IS HEREBY ORDERED THAT:

Case continued to 03:00 PM on 09/21/2021 in Department 23, Complex Determination Hearing, Administration Building, 1221 Oak Street, Oakland.

Dated:  08/31/2021

_____
CourtroomClerk Jhalisa Castaneda

---

Order

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| **Billups-Larkin** | **No. RG21103881** |
| Plaintiff/Petitioner(s) | |
| **VS.** | **Minutes** |
| **Aramark Services, Inc.** | |
| Defendant/Respondent(s) | |
| **(Abbreviated Title)** | |

Department    23                          Honorable  Brad Seligman          , Judge


Cause called for: Complex Determination Hearing on August 31, 2021.


Case continued to 03:00 PM on 09/21/2021 in Department 23, Complex Determination Hearing, Administration Building, 1221 Oak Street, Oakland.


Minutes of      08/31/2021
Entered on      08/31/2021

Chad Finke  Executive Officer / Clerk of the Superior Court

By

                                                          Deputy Clerk

**Minutes**

M14700531