Jonathan M. Lebe (State Bar No. 284605)
Jon@lebelaw.com
Zachary Gershman (State Bar No. 328004)
Zachary@lebelaw.com
**Lebe Law, APLC**
777 S. Alameda Street, Second Floor
Los Angeles, CA 90021
Telephone: (213) 444-1973

Attorneys for Plaintiff Tiara Billups-Larkin,
individually and on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tiara Billups-Larkin, individually and on behalf of all others similarly situated <br><br> Plaintiff, <br><br> vs. <br><br> Aramark Services, Inc., <br><br> Defendant. | Case No. 3:21-cv-06852-RS <br><br> **FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR:** <br><br> 1. Failure to Pay Minimum Wages; <br> 2. Failure to Pay Overtime Wages; <br> 3. Unlawful Deduction of Wages <br> 4. Failure to Provide Meal Periods; <br> 5. Failure to Provide Rest Breaks; <br> 6. Failure to Provide Accurate Itemized Wage Statements; <br> 7. Failure to Reimburse All Business Expenses; <br> 8. Failure to Timely Pay All Wages Due Upon Separation of Employment <br> 9. Violation of Business and Professions Code §§ 17200, *et seq.*; and <br> 10. Enforcement of Labor Code § 2698 *et seq.* ("PAGA") <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Tiara Billups-Larkin, individually and on behalf of others similarly situated, alleges as follows:

**NATURE OF ACTION AND INTRODUCTORY STATEMENT**

1.      Plaintiff Tiara Billups-Larkin ("Plaintiff") brings this putative class action against defendant Aramark Services, Inc. ("Defendant"), on behalf of herself individually and a putative class of non-exempt employees employed by Defendant.

2.      Defendant is a Delaware corporation doing business in the state of California that supplies employees/workers to other entities.

3.      Through this action, Plaintiff alleges that Defendant has engaged in a systematic pattern of wage and hour violations under the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, all of which contribute to Defendant's deliberate unfair competition.

4.      Plaintiff is informed and believes, and thereon alleges, that Defendant has increased its profits by violating state wage and hour laws by, among other things:

(a) Failing to pay minimum wages;

(b) Failing to pay overtime wages;

(c) Unlawfully deducting wages;

(d) Failing to provide meal periods or compensation in lieu thereof;

(e) Failing to provide rest periods or compensation in lieu thereof;

(f) Failing to provide accurate itemized wage statements;

(g) Failing to reimburse for all business expenses; and

(h) Failing to timely pay all wages due during employment.

5.      Defendant maintained and enforced against the class the following unlawful practices and policies, in violation of California state wage and hour laws:

(a) Defendant forced class members to submit to unpaid security screenings, temperature checks, and health questionnaires.

-1-

(b) Although class members were under Defendant's control while undergoing mandatory security screenings, temperature checks, and health questionnaires, Defendant did not compensate class members for this time worked.

(c) Defendant unlawfully deducted wages for "smoker premiums" from the wages of Plaintiff and other class members in violation of California law among other deductions.

(d) Defendant failed to provide meal and rest periods on time in violation of California law. Class members suffered meal and rest period violations. Defendant failed to pay an additional hour of pay at the regular rate of pay to class members.

(e) Defendant has failed to provide sick pay to Plaintiff and class members at the regular rate of pay.

(f) Defendant has failed to reimburse Plaintiff and class members for all business expenses, including masks, hand sanitizer and any other Personal Protective Equipment ("PPE").

6.      Plaintiff brings this lawsuit seeking monetary relief against Defendant on behalf of herself and all others similarly situated in California to recover, among other things, unpaid wages and benefits, interest, attorneys' fees, costs and expenses and penalties pursuant to Labor Code §§ 201-203, 204, 210, 221, 226, 226.7, 510, 512, 1194, 1194.2, 1197 and 1198.

## JURISDICTION AND VENUE

7.      Defendant has removed this action to federal court pursuant to the Class Action Fairness Act. This Court has personal jurisdiction over Defendant because it has had sufficient minimum contacts with California.  Defendant has purposefully availed itself of the California market and the laws of California so as to render the exercise of jurisdiction over them consistent with traditional notions of fair play and substantial justice.  This Court has jurisdiction over Defendant

-2-

because, upon information and belief, it is a citizen of California, has sufficient minimum contacts in California or otherwise intentionally avail itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

8.    Venue is proper in this Court because, upon information and belief, Defendant resides, transacts business, or have offices in this county and the acts and omissions alleged herein took place in this county.

## THE PARTIES

9.    Plaintiff is a citizen of California.    Plaintiff was employed by Defendant during the Class Period in California.

10.    Plaintiff is informed and believes, and thereon alleges, that Defendant at all times hereinafter mentioned, is and was an employer as defined in and subject to the Labor Code and IWC Wage Orders, whose employees were and are engaged throughout this county and the State of California.

## CLASS ACTION ALLEGATIONS

11.    Plaintiff brings this action on behalf of herself and all others similarly situated who were affected by Defendant's Labor Code, Business and Professions Code §§ 17200 and IWC Wage Order violations.

12.    All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

13.    Plaintiff's proposed Class consists of and is defined as follows:

Class
All current and former non-exempt employees who worked for Defendant in the State of California from four years plus 179 days before the filing of her original complaint, June 16, 2021, to the date of trial.[1]

---

[1] The statute of limitations for this matter was tolled pursuant to Cal. Rules of Court, Appendix I, Emergency Rule No. 9.

-3-

14.     Plaintiff also seeks to certify the following Subclass of employees:

Waiting Time Subclass

All members of the Class who separated their employment from Defendant from four years plus 179 days before the filing of her original complaint, June 16, 2021, to the date of trial.

15.     Members of the Class described above will be collectively referred to as "class members."  Plaintiff reserves the right to establish other or additional subclasses, or modify any Class or Subclass definition, as appropriate based on investigation, discovery and specific theories of liability.

16.     This action has been brought and may properly be maintained as a class action under the California Code of Civil Procedure § 382 because there are common questions of law and fact as to the Class that predominate over questions affecting only individual members including, but not limited to:

(a) Whether Defendant paid Plaintiff and class members all minimum wage compensation;

(b) Whether Defendant paid Plaintiff and class members all overtime wage compensation;

(c) Whether Defendant unlawfully deducted the wages of Plaintiff and class members;

(d) Whether Defendant deprived Plaintiff and class members of compliant meal periods or required Plaintiff and class members to work through meal periods without compensation;

(e) Whether Defendant deprived Plaintiff and class members of compliant rest periods or required Plaintiff and class members to work through rest periods without compensation;

(f) Whether Defendant failed to furnish Plaintiff and class members with accurate, itemized wage statements;

(g) Whether Defendant failed to reimburse Plaintiff and class members for business expenses;

-4-

(h) Whether Defendant failed to provide Plaintiff and class members with paid sick leave;

(i) Whether Defendant failed to timely pay Plaintiff and class members all wages due upon separation of employment; and

(j) Whether Defendant engaged in unfair business practices in violation of Business & Professions Code §§ 17200, *et seq.*

17.    There is a well-defined community of interest in this litigation and the Class is readily ascertainable:

(a)    Numerosity:  The members of the Class are so numerous that joinder of all members is impractical.  Although the members of the Class are unknown to Plaintiff at this time, on information and belief, the Class is estimated to be greater than 100 individuals. The identity of the class members are readily ascertainable by inspection of Defendant's employment and payroll records.

(b)    Typicality: The claims (or defenses, if any) of Plaintiff are typical of the claims (or defenses, if any) of the Class because Defendant's failure to comply with the provisions of California wage and hour laws entitled each class member to similar pay, benefits and other relief.  The injuries sustained by Plaintiff are also typical of the injuries sustained by the Class because they arise out of and are caused by Defendant's common course of conduct as alleged herein.

(c)    Adequacy:  Plaintiff is qualified to, and will fairly and adequately represent and protect the interests of all members of the Class because it is in her best interest to prosecute the claims alleged herein to obtain full compensation and penalties due to her and the Class.  Plaintiff's attorneys, as proposed class counsel, are competent and experienced in litigating large employment class

-5-

actions and are versed in the rules governing class action discovery, certification and settlement. Plaintiff has incurred and, throughout the duration of this action, will continue to incur attorneys' fees and costs that have been and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d)  <u>Superiority</u>: The nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for each Class. If appropriate this Court can, and is empowered to, fashion methods to efficiently manage this case as a class action.

(e)  <u>Public Policy Considerations</u>: Employers in the State of California and other states violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as affording them privacy protections.

///
///
///
///

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGES**

**(Violation of Labor Code §§ 1194, 1194.2, and 1197; Violation of IWC Wage Order § 3)**

18.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

19.     Labor Code §§ 1194 and 1197 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

20.     During the relevant time period, Defendant paid Plaintiff and class members less than minimum wages when, for example, Defendant required Plaintiff and class members to submit to mandatory security screenings, temperature checks and health questionnaires when Plaintiff and class members were under Defendant's control. To the extent these hours do not qualify for the payment of overtime or doubletime, Plaintiff and class members were not being paid at least minimum wage for their work.

21.     During the relevant time period, Defendant regularly failed to pay at least minimum wage to Plaintiff and class members for all hours worked pursuant to Labor Code §§ 1194 and 1197.

22.     Defendant's failure to pay Plaintiff and class members the minimum wage as required violates Labor Code §§ 1194 and 1197.  Pursuant to these sections, Plaintiff and class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs and attorney's fees.

23.     Pursuant to Labor Code § 1194.2, Plaintiff and class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

///

///

### SECOND CAUSE OF ACTION
### FAILURE TO PAY OVERTIME WAGES

**(Violation of Labor Code §§ 510, 1194, and 1198; Violation of IWC Wage Order)**

24.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

25.    Labor Code § 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either one and one-half (1½)  or two (2) times the person's regular rate of pay, depending on the number of hours or days worked by the person on a daily or weekly basis.

26.    Specifically, the applicable IWC Wage Orders provide that Defendant is and was required to pay overtime compensation to Plaintiff and Class Members at the rate of one and one-half times (1½) their regular rate of pay when working and for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek and for the first eight (8) hours of work on the seventh day of work in a workweek.

27.    The applicable IWC Wage Orders further provide that Defendant is and was required to pay overtime compensation to Plaintiff and Class Members at a rate of two times their regular rate of pay when working and for all hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours on the seventh day of work in a workweek.

28.    California Labor Code § 510 codifies the right to overtime compensation at one and one-half (1½) times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week and for the first eight (8) hours worked on the seventh consecutive day of work, and overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a workweek.

-8-

29.     Labor Code § 510 and the applicable IWC Wage Orders provide that employment of more than six days in a workweek is only permissible if the employer pays proper overtime compensation as set forth herein.

30.     Plaintiff and Class Members were non-exempt employees entitled to the protections of California Labor Code §§ 510 and 1194.

31.     During the relevant time period, Defendant failed to pay Plaintiff and Class Members overtime wages for all overtime hours worked when Plaintiff and Class Members worked in excess of eight (8) hours in a day, forty (40) hours in a week and/or for a seventh consecutive day of work in a workweek, or when Plaintiff and Class Members worked in excess of twelve (12) hours in a day and/or in excess of eight (8) hours on the seventh day of work in a work week.

32.     In violation of state law, Defendant knowingly and willfully refused to perform their obligations and compensate Plaintiff and Class Members for all wages earned and all hours worked.

33.     Defendant's failure to pay Plaintiff and Class Members the unpaid balance of overtime and double time compensation, as required by California law, violates the provisions of Labor Code §§ 510 and 1198, and is therefore unlawful.

34.     Pursuant to Labor Code § 1194, Plaintiff and Class Members are entitled to recover their unpaid overtime and double time compensation as well as interest, costs, and attorneys' fees.

## THIRD CAUSE OF ACTION

## UNLAWFUL DEDUCTION OF WAGES

### (Violation of Labor Code § 221)

35.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

36.     Labor Code § 221 provides, in pertinent part, "[i]t shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

37.    During the relevant time period, Defendant made unlawful deductions from Plaintiff's and class members' wages by deducting from those wages amounts including, for example, "smoker premiums" among other deductions.

38.    Defendant's violation of Labor Code § 221 caused Plaintiff and class members to suffer substantial monetary losses, and expenses and attorney's fees in seeking to compel Defendant to fully perform their obligations under California law, all to their damage in amounts according to proof at the time of trial.

## FOURTH CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS

**(Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order)**

39.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

40.    Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by the IWC Wage Orders.

41.    Section 11 of the applicable IWC Wage Order states, "no employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

42.    Labor Code § 512(a) provides that an employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

43.    Labor Code § 512(a) also provides that an employer may not employ an employee for a work period of more than ten (10) hours per day without

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

44.    During the relevant time period, Plaintiff and class members did not receive timely, compliant meal periods for each five hours worked per day. Meal periods were often given late.  If Plaintiff and class members wanted to leave the worksite during their meal periods, they would have to submit to mandatory security screenings before exiting and upon returning the premises.  As a result, Plaintiff and class members were either prevented from leaving the worksite during their break or had shortened breaks.

45.    Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order require an employer to pay an employee one additional hour of pay at the employee's regular rate of compensation for each work day that a meal period is not provided.

46.    At all relevant times, Defendant failed to pay Plaintiff and class members all meal period premiums due for meal period violations pursuant to Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order.

47.    As a result of Defendant's failure to pay Plaintiff and class members an additional hour of pay for each day a meal period was not provided, Plaintiff and class members suffered and continue to suffer a loss of wages and compensation.

**FIFTH CAUSE OF ACTION**

**FAILURE TO PROVIDE REST PERIODS**

**(Violation of Labor Code §§ 226.7; Violation of IWC Wage Order)**

48.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

49.    Labor Code § 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by the IWC Wage Orders.

-11-

50.     Section 12 of the applicable IWC Wage Order states "every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and the "authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

51.     During the relevant time period, Plaintiff and class members did not receive a ten (10) minute rest period for every four (4) hours or major fraction thereof worked.

52.     Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order requires an employer to pay an employee one additional hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

53.     At all relevant times, Defendant failed to pay Plaintiff and class members all rest period premiums due for rest period violations pursuant to Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order.

54.     As a result of Defendant's failure to pay Plaintiff and class members an additional hour of pay for each day a rest period was not provided, Plaintiff and class members suffered and continue to suffer a loss of wages and compensation.

## SIXTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

### (Violation of Labor Code § 226; Violation of IWC Wage Order)

55.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

56.     Labor Code § 226(a) requires Defendant to provide each employee with an accurate wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is

-12-

paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

57.    During the relevant time period, Defendant has knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiff and class members.  The deficiencies include, among other things, the failure to correctly state the gross and net wages earned by Plaintiff and class members.  Further, Defendant also failed to provide wage statements to Plaintiff and class members at least semi-monthly as required by Labor Code 226.

58.    As a result of Defendant's violation of California Labor Code § 226(a), Plaintiff and class members have suffered injury and damage to their statutorily protected rights. Specifically, Plaintiff and class members have been injured by Defendant's intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate itemized wage statements under California Labor Code § 226(a).  Plaintiff has had to file this lawsuit in order to determine the extent of the underpayment of wages, thereby causing Plaintiff to incur expenses and lost time. Plaintiff would not have had to engage in these efforts and incur these costs had Defendant provided the accurate wages earned.   This has also delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendant.

59.    California Labor Code § 226(a) requires an employer to pay the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in

-13-

which a violation occurred, and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods, plus attorney's fees and costs, to each employee who was injured by the employer's failure to comply with California Labor Code § 226(a).

60.    Defendant's violations of California Labor Code § 226(a) prevented Plaintiff and class members from knowing, understanding and disputing the wages paid to them, and resulted in an unjustified economic enrichment to Defendant.  As a result of Defendant's knowing and intentional failure to comply with California Labor Code § 226(a), Plaintiff and class members have suffered an injury, and the exact amount of damages and/or penalties is all in an amount to be shown according to proof at trial.

## SEVENTH CAUSE OF ACTION
## FAILURE TO REIMBURSE BUSINESS EXPENSES
### (Violation of Labor Code §§ 2800, 2802, and the Applicable IWC Wage Order § 9)

61.    Plaintiff re-alleges and incorporates by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

62.    Labor Code § 2800 provides, in pertinent part, "[a]n employer shall in all cases indemnify his employee for losses caused by the employer's want of ordinary care."

63.    Labor Code § 2802 provides, in pertinent part, "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties…"

64.    Further, Labor Code § 2802 additionally provides, in pertinent part: "(c)…the term 'necessary expenditures or losses' shall include all reasonable costs, including but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

65.    The Applicable IWC Wage Order § 9 provides that: "When tools or

-14-

equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer . . ."

66.    California Labor Code section 2804 mandates that this statutory right cannot be waived.

67.    During the relevant time period, Defendant was required to indemnify and reimburse Plaintiff and members of the Plaintiff Class for all expenditures or losses caused by the employer's want of ordinary care and/or incurred in direct consequent of the discharge of their duties, but failed to indemnify and reimburse Plaintiff and members of the Plaintiff Class.

68.    As a direct and proximate result, Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer, substantial losses, related to the use and enjoyment of such monies to be reimbursed, lost interest on such monies, and expenses and attorney's fees in seeking to compel Defendant to fully perform its obligations under California law, all to their damage in amounts according to proof at the time of trial.

69.    Accordingly, Plaintiff and members of the Plaintiff Class are entitled to recover, and hereby seek, an amount equal to incurred necessary expenditures, pre- and post-judgment interest, applicable penalties, attorneys' fees and costs, and any further equitable relief this Court may deem just and proper. *See* Cal. Lab. Code § 2802, *see also*, Cal. Civ. Proc. Code § 1021.5.

70.    Plaintiff, on behalf of herself and members of the Plaintiff Class, requests relief as described below.

## EIGHTH CAUSE OF ACTION
## FAILURE TO TIMELY PAY TIMELY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT

71.    Plaintiff re-alleges and incorporates by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

-15-

72.    California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his employment, his wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his intention to quit, in which case the employee is entitled to his wages at the time of quitting.

73.    During the relevant time period, Defendant willfully failed to pay Plaintiff and Waiting Time Subclass members all their earned wages upon termination including, but not limited to, proper minimum wages and overtime compensation, either at the time of discharge or within seventy-two (72) hours of their leaving Defendant's employ.

74.    Defendant's failure to pay Plaintiff and Waiting Time Subclass members all their earned wages at the time of discharge or within seventy-two (72) hours of their leaving Defendant's employ is in violation of Labor Code §§ 201 and 202.

75.    California Labor Code § 203 provides that if an employer willfully fails to pay wages owed immediately upon discharge or resignation in accordance with Labor Code §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

76.    Plaintiff and Waiting Time Subclass members are entitled to recover from Defendant the statutory penalty which is defined as Plaintiff's and Waiting Time Subclass members' regular daily wages for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to Labor Code § 203.

///

///

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

1
2
3

**NINTH CAUSE OF ACTION**

**VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.***

4    77.    Plaintiff hereby re-alleges and incorporates by reference all
5    paragraphs above as though fully set forth herein.

6    78.    Defendant's conduct, as alleged herein, has been and continues to be
7    unfair, unlawful and harmful to Plaintiff and class members.  Plaintiff seeks to
8    enforce important rights affecting the public interest within the meaning of Code
9    of Civil Procedure § 1021.5.

10    79.    Defendant's activities, as alleged herein, violate California law
11    and constitute unlawful business acts or practices in violation of California
12    Business and Professions Code §§ 17200, *et seq.*

13    80.    A violation of Business and Professions Code §§ 17200, *et seq.* may
14    be predicated on the violation of any state or federal law.

15    81.    Defendant's policies and practices have violated state law in at least
16    the following respects:

17    (a)    Failing to pay all minimum and overtime wages owed to Plaintiff and
18    class members in violation of Labor Code §§ 510, 1194, 1194.2, 1197, and 1198;

19    (b)    Unlawfully deducting wages owed to Plaintiff and class members in
20    violation of Labor Code § 221;

21    (c)    Failing to provide timely meal period and rest periods without paying
22    Plaintiff and class members premium wages for every day said meal and rest
23    periods were not provided in violation of Labor Code §§ 226.7 and 512;

24    (d)    Failing to provide Plaintiff and class members with accurate itemized
25    wage statements in violation of Labor Code § 226;

26    (e)    Failing to timely pay Plaintiff and class members all wages due upon
27    separation of employment in violation of Labor Code §§ 201-203, 204; and

28    (f)    Failing to indemnify all necessary business expenses in violation of

-17-

Labor Code §§2800, 2802.

82.    Defendant intentionally avoided paying Plaintiff and class members' wages and monies, thereby creating for Defendant an artificially lower cost of doing business in order to undercut its competitors and establish and gain a greater foothold in the marketplace.

83.    Pursuant to Business and Professions Code §§ 17200, *et seq.* Plaintiff and class members are entitled to restitution of the wages unlawfully withheld and retained by Defendant during a period that commences four years prior to the filing of the Complaint; an award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

## **TENTH CAUSE OF ACTION**
## **ENFORCEMENT OF LABOR CODE § 2698 ET SEQ.**

84.    Plaintiff hereby re-alleges and incorporate by reference all paragraphs above as though fully set forth herein.

85.    Pursuant to Labor Code § 2699(a), any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") or any of its departments, divisions, commissions, boards, agencies or employees for violation of the code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current or former employees pursuant to the procedures specified in Labor Code § 2699.3.

86.    Defendant's conduct violates numerous Labor Code sections including, but not limited to, the following:

(a)    Violation of Labor Code §§ 201, 202, 203, 204, 210, 510, 511, 558, 1182.12, 1194, 1197 and 1198 for failure to timely pay all earned wages (including minimum wages, and overtime wages) owed to Plaintiff and other aggrieved employees during employment and upon separation of employment as herein alleged;

-18-

(b)     Violation of Labor Code §§ 226.7 and 512 for failure to provide meal periods to Plaintiff and other aggrieved employees and failure to pay premium wages for missed meal periods as herein alleged;

(c)     Violation of Labor Code § 226.7 for failure to permit rest breaks to Plaintiff and other aggrieved employees and failure to pay premium wages for missed rest periods as herein alleged;

(d)     Violation of Labor Code §§ 2800 and 2802 for failure to reimburse reasonable and necessary business expenses of Plaintiff and other aggrieved employees as herein alleged;

(e)     Violation of Labor Code § 221 for the unlawful deduction of wages;

(f)     Violation of Labor Code § 246 for failing to provide accurate, itemized wage statements;

(g)     Violation of Labor Code § 246 for willfully failing to provide all mandatory paid sick leave; and

(h)     Violation of Labor Code §§ 226, 432, and 1198.5 for failure to produce personnel records.

87.     Plaintiff is an "aggrieved employee" because he was employed by the alleged violator and had one or more of the alleged violations committed against them, and therefore is properly suited to represent the interests of all other aggrieved employees.

88.     Plaintiff has exhausted the procedural requirements under Labor Code § 2699.3 as to Defendant and is therefore able to pursue a claim for penalties on behalf of herself and all other aggrieved employees under PAGA.

89.     PAGA imposes a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation.

90.     Pursuant to Labor Code §§ 2699(a), 2699.3 and 2699.5, Plaintiff is entitled to recover civil penalties, in addition to other remedies, for violations of the Labor Code sections cited above.

91.     For bringing this action, Plaintiff is entitled to attorney's fees and costs incurred herein.

## **PRAYER FOR RELIEF**

Plaintiff, on her own behalf and on behalf of all others similarly situated, pray for relief and judgment against Defendant, jointly and severally, as follows:

1.     For certification of this action as a class action, including certifying the Class and Subclass alleged by Plaintiff;

2.     For appointment of Tiara Billups-Larkin as the class representative;

3.     For appointment of Lebe Law, APLC as class counsel for all purposes;

4.     For compensatory damages in an amount according to proof with interest thereon;

5.     For economic and/or special damages in an amount according to proof with interest thereon;

6.     For reasonable attorneys' fees, costs of suit and interest to the extent permitted by law, including pursuant to Code of Civil Procedure § 1021.5, Labor Code §§ 226(e) and 1194;

7.     For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and IWC Wage Orders;

8.     For restitution as provided by Business and Professions Code §§ 17200, *et seq.*;

9.     For an order requiring Defendant to restore and disgorge all funds to each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and, therefore, constituting unfair competition under Business and Professions Code §§ 17200, *et seq.*;

10.    For an award of damages in the amount of unpaid compensation

including, but not limited to, unpaid wages, benefits and penalties, including interest thereon;

      11.    For pre-judgment interest;

      12.    For civil penalties; and

      13.    For such other relief as the Court deems just and proper.

Dated: December 8, 2021       **Lebe Law, APLC**

By:     /s/ Jonathan M. Lebe
          Jonathan M. Lebe
Attorney for Plaintiff Tiara Billups-Larkin,
Individually and on behalf of all others
similarly situated

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

Dated: December 8, 2021       **Lebe Law, APLC**

By:     /s/ Jonathan M. Lebe
          Jonathan M. Lebe
Attorney for Plaintiff Tiara Billups-Larkin,
Individually and on behalf of all others
similarly situated

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT