UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIARA BILLUPS-LARKIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ARAMARK SERVICES, INC.,<br><br>　　　　　Defendant. | Case No. 21-cv-06852-RS<br><br>**FINAL APPROVAL ORDER AND JUDGMENT** |

## MOTION FOR FINAL APPROVAL

1.　The class action settlement memorialized in the Settlement Agreement falls within the range of reasonableness and, therefore, meets the requirements for final approval.

2.　For settlement purposes only, the following Class is certified:

*Settlement Class: All current and former non-exempt employees who worked for Defendants in the State of California in the Corrections line of business at any time between December 19, 2016 and December 15, 2022.*

3.　For settlement purposes only, the requirements of 29 U.S.C. § 216, Fed. R. Civ. Proc. 23(a), and Fed. R. Civ. Proc. 23(b)(3) are satisfied, with the exception of the manageability requirement of Rule 23(b)(3), which need not be addressed for purposes of settlement.

4.　Tiara Billups-Larkin is confirmed as the Class Representative for settlement purposes.

5.　Jonathan M. Lebe and Zachary Gershman of Lebe Law, APLC are confirmed as

Class Counsel for settlement purposes.

6. The dissemination of the Notice of Class and PAGA Action Settlement as provided for in the Order Granting Preliminary Approval constituted the best notice practicable under the circumstances to all Class Members and fully met the requirements of federal law and due process under the United States Constitution. Based on evidence and other material submitted in conjunction with the Settlement Hearing, the actual notice to the class was adequate.

7. No member of the Settlement Class objected to the Settlement.

8. Defendant shall fund the total Settlement Sum pursuant to the terms of the Settlement Agreement.

9. The action captioned as *Tiara Billups-Larkin v. Aramark Services, Inc.*, United States District Court for the Northern District of California, Case No. 3:21-cv-06852-RS, shall be resolved pursuant to the terms of the Settlement by entry of Judgment (in the Settlement Agreement, the date on which this Order and Judgment become final is the "Effective Date"). As of the Effective Date, all Class Members are bound by the Settlement, have released their claims as set forth in the Settlement, and are permanently barred from prosecuting against Defendants any individual or class claims released pursuant to the Settlement. All Class Members are also bound by the Settlement as to the claims under the Private Attorneys General Act, have released their claims under the Private Attorneys General Act against Defendants as set forth in the Settlement, and are permanently barred from prosecuting against Defendants any Private Attorneys General Act claims released pursuant to the Settlement.

10. The Court reserves exclusive and continuing jurisdiction over the litigation, the Class Representative, the Class Members, and Defendants for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Settlement.

11. Pursuant to the Settlement, Settlement Checks not cashed within 180 days after issuance will be void and the funds represented by the uncashed checks will be provided to the California State Controller's Unclaimed Property Division.

12. A non-appearance case review hearing regarding compliance with all fund

distribution requirements under the Stipulation is set for September 22, 2024, at 10:00 a.m., in Courtroom 3.  A declaration from the Settlement Administrator regarding compliance shall be filed with the Court no later than five court days prior to this date.  No appearance by the parties is required at the Order to Show Cause hearing if the Settlement Administrator's declaration is timely filed and the Settlement Administrator reports that all of the distributions under the Settlement are complete. The declaration shall comply with the requirements listed in the Northern District's Procedural Guidance for Class Action Settlements for "Post-Distribution Accounting."[1]

13. In accordance with Federal Rule of Civil Procedure Rule 23(e), the parties are ordered to give notice of this final Order and Judgment to all Class Members by posting the Order and the Judgment on the Settlement Administrator's website.

## MOTION FOR ATTORNEY FEES, LITIGATION EXPENSES, SETTLEMENT ADMINISTRATION COSTS, AND SERVICE AWARD

1. Though Class Counsel request a 35% attorney fee award, a 30% fee award is more appropriate given the Ninth Circuit's 25% benchmark for attorney fees in common fund settlements. Based on a Gross Settlement Amount of $460,000, Class Counsel are entitled to $138,000 in attorney fees. A 30% fee award is warranted due to the significant recovery for the Class Members that Class Counsel obtained, Class Counsel's diligent litigation, extensive experience, and skill, the complexity of the issues in the litigation, the significant risk involved, and the fact that this fee award results in a negative multiplier when compared to Class Counsel's lodestar. The $23,000 differential between Class Counsel's requested fees and the fees awarded here will be distributed to the Class Members according to the parties' pro rata distribution plan.

2. The request for $11,984.89 in litigation expenses is reasonable in light of the work incurred throughout this litigation.  Plaintiff's requested litigation costs are granted.

3. The $14,250.00 in settlement administration costs incurred by Phoenix Settlement

---

[1] *See* https://www.cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/.

1  Administrators in the administration of this Settlement is fair, reasonable, and adequate. Plaintiff's

2  requested settlement administration costs are granted.

3  4.  Plaintiff's requested class representative service award of $15,000 is reasonable in light of

4  her considerable efforts in assisting with the prosecution of this action and the risks she has

5  undertaken. Plaintiff's requested class representative service award is granted.

## CONCLUSION

The motions for final approval of the class action settlement and for attorney fees are granted. The Clerk is directed to enter judgment in accordance with the terms of this Order as of the date of this Order.

**IT IS SO ORDERED**.

Dated: January 26, 2024

_____
RICHARD SEEBORG
Chief United States District Judge