1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  Tiara Billups-Larkin, individually and on | Case No.: 3:21-cv-06852-RS |
| 12  behalf of all others similarly situated, | Hon. Richard Seeborg |
| 13 | **JUDGMENT** |
| 14  Plaintiff, | Complaint Filed:    June 16, 2021 |
| 15  vs. | |
| 16  Aramark Services, Inc., | |
| 17 | |
| 18  Defendant. | |

19
20
21
22
23
24
25
26
27
28

1

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

The named Tiara Billups-Larkin ("Plaintiff"), and the settling Defendant Aramark Services, Inc. ("Defendant" and together the "Parties" or "Settling Parties") have entered into a Class Action Settlement ("Stipulation"), to settle the above-captioned class action subject to the Court's approval.  (*See* Declaration of Jonathan M. Lebe in Support of Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement, Ex. A.)

## **JUDGMENT**

The Final Approval Order is incorporated herein in its entirety.

In accordance with and for the reasons stated in the Final Approval Order, Judgment shall be entered whereby the Plaintiff and all Class Members shall take nothing from Defendant, except as expressly set forth in the Final Approval Order and in the Stipulation, filed as Exhibit A to the Declaration of Jonathan M. Lebe in Support of Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement.

Solely for purposes of effectuating this Stipulation, this Court has certified a class of all Class Members, as those terms are defined in and by the terms of the Stipulation:

All current and former non-exempt employees who worked for Defendants for the Corrections line of business at any time between December 19, 2016, and December 15, 2022, in the State of California.

In addition, this Stipulation resolves the Private Attorneys General Act claims of the "Aggrieved Employees," defined as all current and former non-exempt employees who worked for Defendants for the Corrections line of business at any time between June 16, 2020, and December 15, 2022, in the State of California.

All Aggrieved Employees in this action are also Class Members.  All Class Members are bound by the Final Approval Order and Judgment in this Action as no Class Members requested exclusion.

THE CLASS RELEASE: Upon the final approval by the Court of this Stipulation and Defendant's' payment of all sums due pursuant to this Settlement, and except as to such rights or claims as may be created by this Stipulation, the Class Representative, the

1   Class, and each Class Member who has not submitted a valid and timely request for

2   exclusion as to claims other than the PAGA claim, will release claims as follows:

3         (a)   Identity of the Released Parties.   Defendant and all affiliated parties and

4   entities, including all past and present affiliates, parents, subsidiaries, predecessors,

5   owners, members, successors, shareholders, divisions, insurers, counsel, and each of

6   these entities' past and present directors, officers, employees, partners, shareholders,

7   members and representatives.

8         (b)   Date Release Becomes Active.   The effective date shall be the date on

9   which an order and Judgment on the Settlement becomes final.   Such order and judgment

10   becomes final on the later of: (a) if no objections or opposition to the Settlement have

11   been filed, or if there were any objections or opposition filed but withdrawn before the

12   Final Approval Hearing, then the date the Court enters an Order of Final Approval and

13   Judgment; (b) if an objection or any other challenge to the Settlement has been filed,

14   then the date on which the time to file an appeal of an Order of Final Approval and

15   Judgment expires; or (c) if an objection or any other challenge to the Settlement is filed

16   and a Notice of Appeal of and Order of Final Approval and Judgment is timely filed,

17   then the date the appeal is finally resolved, and no further review is requested, with the

18   Final Approval unaffected.   If a review of the appellate decision is requested, the day

19   after the request for review is denied with prejudice and/or no further review of the Order

20   of Final Approval and Judgment can be requested.

21         (c)   Released Class Claims.   All federal, state, and local law claims, rights,

22   demands, liabilities, and causes of action, asserted in any of the complaints filed in the

23   Action, including the operative Second Amended Complaint, asserted in any PAGA

24   letter sent by Plaintiff to the LWDA, and all claims that could have been asserted in the

25   Action arising from or related to the same alleged facts, legal theories or statutory

26   violations, including derivative claims, including causes of action for (1) failure to pay

27   minimum wages; (2) failure to pay overtime wages; (3) unlawful deduction of wages;

28   (4) failure to provide meal periods; (5) failure to provide rest breaks; (6) failure to

JUDGMENT

provide accurate itemized wage statements; (7) failure to reimburse all necessary business expenses; (8) failure to timely pay all wages due upon separation of employment; (9) violation of Business and Professions Code sections 17200, *et seq.*; and (10) all claims for interest, penalties, attorneys' fees, costs and any other monetary relief based upon the claims described above and including, but not limited to, pursuant to Labor Code §§ 210, 218.5, 218.6, Code of Civil Procedure §1021.5, and/or Civil Code §§ 3287(b) and 3289, costs, attorneys' fees, injunctive relief, declaratory relief, or accounting that are based on or related to the alleged Labor Code, Wage Order, and Business & Professions Code violations, that accrue during the Class Settlement Period.

(d)    Released PAGA Claims.   All claims for civil penalties under PAGA asserted in any of the complaints filed in the Action, including the operative Second Amended Complaint, asserted in any PAGA letter sent by Plaintiff to the LWDA, and all claims that could have been asserted in the Action arising for or related to the same alleged facts, legal theories or statutory violations, including but not limited to claims for violations of the California Labor Code for failure to pay all wages due including minimum, regular, and overtime wages; failure to provide legally compliant off-duty meal and rest periods or pay compensation in lieu thereof; failure to indemnify all reasonable and necessary business expenses; failure to pay all wages due during and upon separation or termination of employment, unlawful deduction of wages; failure to provide paid sick leave; failure to timely produce personnel files; and failure to provide accurate and itemized wage statements; and violations of Labor Code sections 201-204, 210, 218, 218.6, 221, 226, 226.7, 246, 256, 510, 512, 558, 558.1, 1174, 1174.5, 1175, 1194, 1194.2, 1197, 1197.1, 1198, 1198.5, 1199(c), 2802, and 2804.

Pursuant to Federal Rules of Civil Procedure Rule 23, this Court reserves exclusive and continuing jurisdiction over this Action, the Plaintiff, Settlement Class Members, and Defendant, for the purposes of:

(a) supervising the implementation, enforcement, construction, and interpretation of the Stipulation, the Preliminary Approval Order, the plan of allocation, the Final

JUDGMENT

1  Approval Order, and the Judgment; and (b) supervising distribution of amounts paid

2  under this Stipulation.

3          The Judgment set forth herein is intended to be a final disposition of the Action in

4  its entirety and is intended to be immediately appealable.

5

6          IT IS SO ORDERED.

7

8  Date:  January 30, 2024          _____

9                                   RICHARD SEEBORG
                                    Chief United States District Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JUDGMENT